May Term,
1858.

LEMASTERS and Others *v.* THE STATE.

LEMASTERS
*v.*
THE STATE.

Prosecution for malicious trespass against five persons. All the defendants being on trial, one of them was offered as a witness in behalf of the others. His testimony being objected to, was excluded. *Held*, that this was not error.

*Aliter*, if the defendants had taken their trial separately.

Where a road was, by order of the proper authority located on a line between two farms—so far as such order could make a location—but was in point of fact, opened, worked and used for twenty-seven years on one side of that line, wholly on the land of one of the proprietors,—*held*, in a prosecution for malicious trespass, that the original order would not, at that length of time after it was made, confer upon the supervisor the authority, under our statutes, to open the road upon the line.

APPEAL from the *Decatur* Court of Common Pleas.

HANNA, J.,—This was a prosecution for malicious trespass against five persons, plea not guilty. Trial, verdict, judgment of guilty, &c.

*Thursday, June 17.*

It is alleged that two errors were committed by the Court on the trial; first, in refusing to admit evidence; and secondly, in giving and refusing instructions to the jury.

All the defendants being on trial, *John Lemasters*, one of said defendants, was offered as a witness in behalf of his co-defendants. His testimony being objected to, was excluded. There was no error in this. The defendants were entitled to separate trials, if the same had been asked for at the proper time. In such case, the testimony of a co-defendant not upon trial, might have been used by one on trial. 6 Ind. R. 495.—2 R. S. p. 372 (1). But having, voluntarily, jointly submitted their case to a jury, they could not then be witnesses for each other, unless discharged for that purpose by the Court, under § 106, 2 R. S. p. 375.

Certain instructions were asked by the defendants, and refused by the Court. These instructions assumed that it is the duty of a supervisor of a public highway to remove a fence which may encroach upon such highway; that notice under the statute to a land owner to remove his fence could be required only in cases of newly located roads, and not when the road had been located over twenty years;

May Term, 1858.

LEMASTERS
v.
THE STATE.

that if one of the defendants was acting as supervisor, and the others under him, the presumption would be that they acted in good faith, and express proof of malice or mischievous motive should be made.

The instructions given were, that malice might be proven expressly, by showing ill will, or by the circumstances and conduct of the parties at the time; that a supervisor had no right to enter upon the enclosed land of another to open a highway, without giving the owner or occupant sixty days' notice in writing, &c.; that a public highway laid out, &c., which shall not within six years therefrom be opened and used, shall cease to be a highway; that an order made in 1830 for the location of a road on the line between the lands of the prosecuting witness and the defendant, who is supervisor, which was immediately followed by opening the road on the land of the defendant, and which has been used and worked where opened until the act complained of (1857); will not authorize such supervisor to throw down the fences which may have prevented said road from running on said line.

This is the substance of the instructions, given and refused, upon the points made in the briefs of counsel.

We see no error in the rulings of the Court upon those instructions. The evidence is not in the record, and therefore the presumption is that it tended to establish a state of facts which made the instructions given pertinent.

Certainly, if a road was, by order of the proper authority, located on a line between two farms—so far as such order could make a location—but, in point of fact, was opened, worked and used for twenty-seven years, on the one side of that line, wholly on the land of one of the persons, the original order would not, at that length of time after it was made, confer upon a supervisor the authority, under our statutes, to open the road upon the line between the farms. From the whole of the instructions, which are unnecessarily long, this appears to have been the point in controversy.

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Scobey* and *W. Cumback*, for the appellants.
*J. Gavin* and *O. B. Hord*, for the state.

(1) See, also, *Sloan* v. *The State*, 9 Ind, R. 565.