No. 11,671.

## STRONG, TRUSTEE, *v.* MAKEEVER ET AL.

HIGHWAY.—*Change of.— Width Must be Given or Order Void.—Evidence.*— Where it does not appear in a transcript of proceedings instituted under 1 R. S. 1852, p. 313, *et seq.*, to have a highway changed and relocated, how wide the highway vacated and the one established are, an

order locating the highway is void, and the transcript is not competent evidence to show upon what line it was established, nor to overthrow a highway established by twenty years' user.

SAME.—*Highway by Twenty Years' User.*—*Statute Construed.*—Under section 5035, R. S. 1881, it is the twenty years' use of a road that makes it a public highway regardless of its origin, and it is immaterial whether the use is with the consent or over the objections of the adjoining landowners. Statements in *Board, etc.,* v. *Huff,* 91 Ind. 333, in conflict with this holding, are disapproved.

SAME.—*Power of County Commissioners.*—Such section of the statute does not provide for the changing of highways, nor for the correction of mistakes in locating them, but is limited to roads *used* as highways; and before the board of commissioners can make any order for entering of record, it must be shown that the road is *used* as a highway, and, when resistance is made, such board can not go beyond the way as used for twenty years, and establish it upon a different line.

SAME.—*Former Adjudication.*—*Estoppel.*—A township superintendent of roads filed before the board of commissioners a petition asking that they ascertain and enter of record a certain portion of a highway, which, it was averred, had been in use more than twenty years. A remonstrance was filed, alleging that the road had not been so used, and that it was not upon the correct line. An order was made that the board "finds for the remonstrants and refuses the prayer of the petition," and afterward a motion for a new trial was refused.

*Held,* that these orders, if in any sense a judgment, will not prevent the county board from afterwards ascertaining and making a record of the highway as established by twenty years' user, nor estop the successor of the road superintendent from objecting to a subsequent application for a change of the road as used to a different line.

From the Newton Circuit Court.

*F. W. Babcock,* for appellant.

*S. P. Thompson* and *W. B. Austin,* for appellees.

ZOLLARS, J.—This case was tried in the Newton Circuit Court on a change of venue from Jasper county, where it originated. Section 5035, R. S. 1881, is as follows: "All public highways which have been or may hereafter be used as such for twenty years or more shall be deemed public highways; and the board of county commissioners shall have power to cause such of the roads used as highways as shall have been laid out but not sufficiently described, and such as

have been used for twenty years but not recorded, to be ascertained, described, and entered of record."

Invoking the exercise of the authority conferred by this statute, appellees filed their petition with the board of commissioners of Jasper county, in September, 1882, stating therein that a certain highway, five and one-half miles in length, partly in Marion and partly in Newton townships, Jasper county, had been laid out forty feet wide, one-half on either side of the line dividing certain named sections of land; that for twenty years this highway, thus laid out, has been used and travelled as such, and that it has not been recorded as a highway. It is further stated, that some of the adjoining land-owners, during that year, had encroached upon the highway by putting their fences thereon. Against this, the petitioners enter their protest, and ask that the board of commissioners ascertain what portions of the highway have not been properly recorded, and ascertain and enter said highway of record, so that the existence thereof may be preserved, and the proper road superintendent be enabled to take charge of and keep in repair said highway, etc.

William D. Saylor, superintendent of roads in Newton township, appeared in the commissioners' court and objected to the making of the order as asked by the petitioners, so far as it might affect the highway in that township. In his written objections, he stated that the highway, in that township, had not been laid out on the section line as stated in appellees' petition; that there was a public highway in that township near the said section line, and parallel or nearly parallel therewith, which had been used continuously for more than twenty years as a public highway, the boundaries of which were easily ascertainable by the fences which had been maintained on either side from the time the road was opened; that large sums of public money had been expended upon the highway in the way of clearing, grades, fills, ditches, bridges, etc., and that the way could not be changed without materially affecting public and private rights, etc. There

being no issue as to that portion of the highway in the other township, an order was made that it be recorded, etc. As to the portion in Newton township, the answer and remonstrance of the superintendent tendered an issue which was tried by the board and decided against him, and an order made that the record should be made as asked by the petitioners, and that the superintendent of roads should keep the highway open for travel, etc. From this order the superintendent appealed to the circuit court. His office, in the meantime, having been abolished, appellant, as the township trustee, was substituted. A like judgment was rendered in the Newton Circuit Court, and from this appellant prosecutes this appeal.

For a reversal of the judgment, appellant relies upon the alleged error of the court below in overruling his motion for a new trial. For the purpose of showing that the west mile of the highway in Newton township had been established upon the section line, as averred in their petition, appellees read in evidence, over appellant's objections and exceptions, a transcript of proceedings by the board of trustees of Newton township, in 1856. That was a proceeding instituted under 1 R. S. 1852, p. 313, *et seq.*, to have a highway changed and relocated. It nowhere appears in that transcript how wide the highway was, which it was sought to vacate, and what is more important and fatal, it nowhere appears in the transcript how wide the highway was which the trustees attempted to establish. For this reason, the final order of the trustees locating the highway was absolutely void, and the transcript was not competent evidence. *White* v. *Conover*, 5 Blackf. 462; *Carlton* v. *State*, 8 Blackf. 208; *Barnard* v. *Haworth*, 9 Ind. 103; *DeLong* v. *Schimmel*, 58 Ind. 64; *State* v. *Schultz*, 57 Ind. 19; *Erwin* v. *Fulk*, 94 Ind. 235.

The admission of the transcript in evidence was such error as requires a reversal of the judgment, but as some other questions are presented by the record, which would necessa-

rily arise again upon a re-trial, we proceed to examine and decide them.

As will be seen from the statement of the case, the controversy is about the two miles of the road in Newton township, and more especially about the west mile. Just when the east mile of this portion of the road was opened for travel is not shown by the record, but it was prior to 1857. In 1857, the west mile was opened for travel, and thus there was a continuous line of road, forty feet wide, from the east line of the township, two miles west, or nearly west. At the east end, or township line, the center of the road is on the section line as that line was fixed by a survey in 1879. At the west end of the first mile from the east, the center of the road is about two feet north of the section line. At the west end of the two miles, the entire highway of forty feet is north of the section line. In order to make the west mile available, it was necessary to clear away timber and underbrush, grade down a hill or elevation, make an embankment through a morass, cut ditches along the side of the road for a part of the way, and to construct bridges over the ditches, all of which was done soon after the road was opened. This portion of the road was opened with the knowledge and consent of the adjacent land-owners, all of whom still own the land, except appellee Daniel S. Makeever, who has since bought one of the adjoining tracts of land. These land-owners directed that the road should be so located that the center of it should correspond with the east and west fence dividing their lands, which fence they supposed stood upon the section line. They supposed too, that the road was being thus located in accordance with the order of the board of township trustees, for which order they had petitioned. Upon their petition also, another highway was abandoned in order that this might be opened. When the road was opened, they moved their partition fence and built fences on either side of the road, and twenty feet from the center of it. From that time until this proceeding was commenced, more than

Strong, Trustee, *v.* Makeever. *et al.*

twenty-five years, with a slight interruption which we shall mention, these fences have been maintained, and this highway, thus opened and constructed, has been open for travel, and has been worked and kept in repair by the public authorities. To change the highway so as to put the center of it upon the section line as that line was fixed by the survey in 1879, and as the order of the court below would require, would necessitate another grade of the hill or elevation, the construction of a new fill through the morass, which, for a part of the way, would fall upon the line of one of the side ditches, the removal of fruit and other trees, and the destruction of rows of hedge.

In 1868, an unofficial survey showed that the section line at the west end was south of the road. In 1874, Benjamin, who owned land adjacent to the road for a quarter of a mile on the south, moved his fence south so as to throw out twenty feet of ground. The supervisor, on one occasion, did some plowing upon the land thus thrown out, but, upon being informed by the township trustee that it was not a part of the highway, abandoned it. The old road, however, was in no way abandoned. In 1882, Benjamin removed his fence north, and placed it on the line where it had stood since the road was opened. At some time subsequent to the survey of 1868, appellee Daniel S. Makeever objected to any work being done on the road north of a line twenty feet north of the section line as fixed by that survey. Whether his objection was first made in 1868, 1870 or in 1874 is not definitely fixed by the evidence, although the decided preponderance is in favor of 1874. For the purposes of this case we give to appellees the benefit of the doubt, and regard the objection as having been first made in 1868. Nothing more positive or aggressive was done by Makeever until the spring of 1882, when he moved his fence south and placed it on a line about twenty feet north of the section line as fixed by the survey of 1868. Whether or not the fence interfered with the travelled way, is not shown by the evidence. Within a

week or two he removed the fence and placed it on the line where it had been from the time the road was opened in 1857. Thus it will be seen that the road, as located and opened in 1857, was continuously used as a highway until the spring of 1882, at least twenty-five years, without any interruption other than the verbal objections by Daniel S. Makeever. If these objections were made as charged, the most that can be said for them is, that the holding by the public was adverse during the time they were being made, because during all that time the public authorities were claiming the right, and the public were using as a highway the road as opened in 1857. We are unable to perceive how this adverse holding can be of avail to appellees. It rather militates against them and the claims they now make.

It is made very plain by the evidence, that the road, as opened in 1857, had been used, with the knowledge of appellees, as a public highway for more than twenty-five years before the proceeding was commenced. By the explicit and positive terms of the statute, that use made the road a public highway. Under this statute, it is the twenty years' use that makes the road a public highway, and it is immaterial whether the use is with the consent, or over the objections, of the adjoining land-owners. Such is clearly the correct construction of the statute and the previous rulings by this court. *Epler* v. *Niman*, 5 Ind. 459; *Hays* v. *State*, 8 Ind. 425; *State* v. *Hill*, 10 Ind. 219.; *Lemaster* v. *State*, 10 Ind. 391; *Hart* v. *Trustees, etc.*, 15 Ind. 226; *Debolt* v. *Carter*, 31 Ind. 355; *Ross* v. *Thompson*, 78 Ind. 90; *Kyle* v. *Board, etc.*, 94 Ind. 115.

If Makeever wished to make the question, that by mistake or otherwise the highway as used was not upon the proper line, he should have pursued the proper legal remedy for the correction of the mistake before the expiration of the twenty years' use. Merely objecting, as he claims to have done, is of no avail after the expiration of that time. With the expiration of the twenty years' use, as in this case, the statute

intervenes and declares the road to be a public highway regardless of its origin or the mere objections by land-owners. The statute does not affect a remedy merely, but establishes a right. If there were no such statute, the case, as to the existence of the highway, would be a different one. It might then be a case falling within the statute limiting actions for the recovery of real estate to twenty years, and to be governed by the rules applicable to that statute. In such a case, the alleged mistake in the location of the road and the objections by Makeever might be of importance. In such a case, the case of *State* v. *Welpton*, 34 Iowa, 144, and the other like cases cited by appellees, would be authority. But they are not authority here, and the alleged mistake and the objections are of no importance, because we have not that kind of a case. And if the use had been for less than twenty years, we should have a different case as to the existence of the highway. In such a case, the legal existence of the highway might be dependent upon a dedication by the land-owners, in the consideration of which it would be important to consider the alleged mistake in the location of the road, the objections by land-owners, and whatever else might tend to show or disprove an intention to dedicate the way to the uses of a public highway, as also, whatever might tend to establish an estoppel as against the adjoining land-owners. But that, again, is not the case before us. Whether the adjoining land-owners intended to dedicate to the purposes of a highway the strip of land used, whether there was a mistake in the location of the highway, and whether the highway was used for such a length of time that public accommodation and private rights might be materially affected by an interruption of the enjoyment, are questions which need not be considered, because, regardless of these considerations, the road has been established as a highway by the twenty years' use. It follows that the judgment of the court below is erroneous and must be reversed, because it does not order

a record of the highway as used, but in effect establishes the highway upon a line different from that established by the use.

The above section of the statute, upon which this proceeding is based, does not provide for the changing of highways, nor does it provide for the correction of mistakes in the location of highways. By its terms, it is limited to roads *used* as highways. Before the board of commissioners can make any order for entering of record, it must be shown that the road is *used* as a highway.

If a highway in *use* has been laid out, but not sufficiently described, or a highway has been used for twenty years, the board may cause the highway to be ascertained, described and entered of record. In either case, the description and record must be of the highway as *used*. This is the plain language of the statute, and a necessity from the nature of the case. The proceeding, as authorized by the statute, is to ascertain, describe and enter of record, highways which have not been described at all, or not sufficiently described and entered of record. In such case, there is nothing to which resort can be had except the highway as *used*. That is the highway to be described and entered of record. Appellees' petition asserts that the highway had been laid out and opened, forty feet wide, one-half on either side of the section line, and as thus opened had been used for twenty years. There is no legal proof that it was thus laid out, because the pretended record of the proceedings before the board of township trustees does not make it, as we have already seen. On the other hand, the uncontradicted testimony is, that the highway, as used, is not one-half on either side of the section line. The evidence not only does not support appellees' case, but overthrows it. Over this uncontradicted evidence the court below ordered the record, not of the highway as used for more than twenty years, but a highway upon a different line. This the court had no authority to do.

Other questions are discussed by counsel, but as they may not arise upon another trial, or, if they should, they will most

likely be presented in a different shape, we need not extend this opinion to notice them. Upon the cross errors, it is suffi-cient to say, that in a proceeding of this character, where the existence of a highway is in jeopardy, the township trustee may appear and defend in his official capacity.

The judgment is reversed with costs, and the cause re-manded with instructions to the court below to sustain ap-pellants' motion for a new trial.

Filed June 10, 1885.

## On Petition for a Rehearing.

ZOLLARS, J.—As stated in the principal opinion, this pro-ceeding is based upon section 5035, R. S. 1881, which pro-vides that "All public highways which have been or may hereafter be used as such for twenty years or more shall be deemed public highways; and the board of county commis-sioners shall have power to cause such of the roads used as highways as shall have been laid out but not sufficiently de-scribed, and such as have been used for twenty years but not recorded, to be ascertained, described, and entered of record." In that opinion we said: " By the explicit and positive terms of the statute, that (twenty years') use made the road a public highway. Under this statute, it is the twenty years' use that makes the road a public highway, and it is immaterial whether the use is with the consent, or over the objections, of the ad-joining land-owners. * * * With the expiration of the twenty years' use, as in this case, the statute intervenes and declares the road to be a public highway regardless of its origin, or the mere objections by the land-owners. The stat-ute does not affect a remedy merely, but establishes a right." These portions of the opinion are vigorously assailed by ap-pellees' counsel. If, in this assault, the logic were as vig-orous as some of the statements, we might well hesitate before overruling the petition for a rehearing. Counsel's interpre-tation of the statute is shown by the following from their brief: " The statute does not say nor mean that the use of land for

twenty years authorizes that land to be described of record as a public highway. The statute contemplates the creation of a public highway by consent of the land-owners, either by an imperfect record, made perfect by opening and actual use with full knowledge of the land-owners' rights, or a highway by dedication, used as such for twenty years."

Paraphrased and abridged, this interpretation amounts to this, if, with the knowledge and consent of the land-owner, a way has *become* a public highway, by either of the modes named, then, if used as such for twenty years, it shall be deemed a public highway. Such an interpretation, in our judgment, would render the statute utterly meaningless and nugatory.

The difficulty with counsel's position is that the establishment of public highways by proceedings before the county board, and by dedication, is confounded with the establishment of such highways by the twenty years' use under the statute. The words "public highways," as first used in the statute, have more especial reference to highways established by proceedings before the county board. As applied to highways as established by twenty years' use, the meaning of those words would have been better expressed by the word "way" or "road."

In that portion of the section in relation to making the record, it is provided that *such roads*, etc., used as public highways for twenty years, shall be ascertained and recorded; thus showing that "public highways" as used in the first part of the section mean roads, or travelled ways, and not public highways in the full legal sense. All of the provisions of the section of the statute taken together mean, and can only mean, that a way or a strip of land, used as a public highway for twenty years, shall be deemed and become a public highway. This use is to make that a public highway which, but for such use, would not, and could not, be deemed a public highway. If, without and independent of such use, the way is a public highway by dedication or otherwise, then the

twenty years' use under the statute amounts to nothing, and the statute is a useless enactment. A way may become a public highway by dedication, express or implied, in much less time than twenty years. It was said in the case of *State* v. *Hill*, 10 Ind. 219, that four or five years' unopposed use of a way by the public may be sufficient to raise the presumption of a dedication.

It is said in argument, that if such twenty years' use may establish a public highway without regard to the consent of the land-owner, it will result that highways may be thus established over the lands of persons under legal disability, such as infants, etc., and that a construction of the statute should not be adoped that might bring about such a result. What would be the result of such use, if the way were over the lands of persons who, during the entire twenty years were under legal disability, is a question not now before us for definite and final decision. We may state, however, that such persons are bound by statutes of limitation and like statutes, unless they are excepted from their operation. And hence it is, that, in almost every instance, they are excepted from the operation of all such and similar statutes. That is so in most if not all the States, and it is so in this State. See, for example, R. S. 1881, sections 296, 615, 901, 2403, 6467.

Under a statute in New York, which provided that "all roads not recorded which have been or shall have been used as public highways for twenty years or more shall be deemed public highways," it was said, in the case of *Davenpeck* v. *Lambert*, 44 Barb. 596: "That is to say, shall be judged or held to be public highways from the mere fact that they have been used as such for twenty years or more. I agree that if no statute were in the way, the intention of the owner of the land on which the road exists, would control the question whether it had been dedicated to the public for a highway. * * But the mere intention of the owner of the land is not material under the statute referred to. The uninterrupted use of the land as a public highway for twenty years alone, according

to the statute, constitutes it such a highway. Such a user of land for that period makes it a public highway under the statute, though the owner be a lunatic, an infant or a married woman, and has no knowledge thereof during the entire time. I think such is the obvious meaning of the statute, and that it must be so construed, for the reason that there is no exception in it saving the rights of persons incapable of consenting or who do not consent to the use of their land for a highway."

Under a statute similar in its nature, in that it provided that all streets, roads and alleys within a named village, which have been worked and improved by the trustees of the village, or the commissioners of highways of the village, and are now used as such, shall be deemed public highways, it was said, in the case of *Hickok* v. *Trustees, etc.*, 41 Barb. 130: "This was a special legislative enactment that all the streets, roads and alleys in that village should be thenceforth public highways, if brought by this act within certain conditions. It is therefore really unimportant, under the special provisions of this statute, to enter upon an inquiry as to what constitutes a highway at common law. * * * The very fact that this *special* statute provides that those streets, roads and alleys *should be deemed highways*, in case they came within the terms of the act, implies and presupposes that at least some of them, by reason of not being laid out in compliance with the statute, and their having been of less than twenty years' use, were *not then* public highways. * * The character of these streets, roads and alleys is to be determined, not as is urged by discussing the common law or general statute provisions, but by inquiring simply whether as a matter of fact, any particular street or alley comes within the special provisions of the fourth section of the act of 1848."

So, in the case before us, the inquiry is not whether the road has become a public highway under common law rules, by dedication express, or with the knowledge and consent of the land-owners, but whether as a matter of fact it has been used

as a public highway for twenty years, and thus become a public highway under the statute. And so, under a statute like that under discussion, it was said, in the case of *People, ex rel.*, v. *Judges, etc.*, 24 Wend. 491 : " This provision does not authorize the commissioners to say what was ' originally intended,' either by the owner of the soil or any one else, in relation to the width or location of the road, any further than such intention has been manifested by permitting the way to be used. It is a power in relation to the road ' as it actually exists, and has existed ' for the last twenty years."

In the case of *Hart* v. *Trustees, etc.*, 15 Ind. 226, cited in the principal opinion, the trial court found the facts specially, that prior to the obstruction sued for in the action, the public had, without interruption, used the road continuously for twenty-one years, *having no right to so use it except from such continued use*. Upon appeal this court said : " We have decided that, 'A road which has been used by the public, continuously, for twenty years, becomes a public highway, and is of no established width by law; but its width, as used at the end of twenty years, can not, legally, be intruded on.' *Epler* v. *Niman*, 5 Ind. 459. This decision seems to be precisely in point, because, here, the public had used the road without interruption for twenty-one years, hence, it was a public highway under the statute, and its width at the end of twenty years was its established width."

In the case of *Ross* v. *Thompson*, 78 Ind. 90, it was said, in speaking of the statute under examination : " Where, therefore, there has been twenty years' user, the way is to be deemed a public one, and those asserting rights in it are not bound to show an original intent to dedicate. The law makes the lapse of time sufficient, without any further evidence." The other cases by this court, cited in the principal opinion, give support to our conclusion here, although the main questions for decision were not the same as here.

There are some statements in the opinion in the case of *Board, etc.*, v. *Huff*, 91 Ind. 333, which, if applied to the

statute under consideration, are not in harmony with the con-
clusions we have reached in this case.   So far as they may be
in conflict with our conclusions here, they are disapproved.

In their petition to the county board, appellees allege that
the highway they wish to have ascertained and recorded is
upon a section line, one-half upon either side thereof, and, as
thus located, has been used as a public highway for twenty
years.   The proof shows, beyond a doubt, that the highway,
as thus used, is not upon the section line as alleged, but varies
from it.   And while appellees, in their petition, allege that
the highway as thus used is one-half upon either side of the
section line, the theory of their case, aside from the petition,
from beginning to end, is, that, as opened and used, the high-
way is not upon that line, but should be, because it was
located there by a proceeding by the board of township trus-
tees in 1857, and because the land-owners, at the time it was
opened and they built their fences, supposed that it was be-
ing opened, one-half upon either side of the section line.
They are seeking to have ascertained, described and recorded,
a public highway, not as it has been used for twenty-five
years, but as it should have been opened before the user be-
gan.   They are thus seeking to have done what the county
board has no authority to do.   The county board, under the
statute, may ascertain, describe and enter of record a public
highway as used for twenty years, but there is no authority
to go beyond the way as thus used.   Especially is this so,
when there is resistance by any one having the right to re-
sist.   The holdings in New York, under a similar statute,
have been, that so far as the record goes beyond the way as
used for twenty years, it is absolutely void for want of au-
thority.   *People, ex rel.,* v. *Judges, etc., supra; Cole* v. *Van-
Keuren,* 6 Thomp. & C. 480; *Talmage* v. *Huntting,* 29 N. Y.
447; *Borries* v. *Horton,* 16 Hun 139; *Marvin* v. *Pardee,*
64 Barb. 353.

We need not indicate here, as to whether or not we ap-
prove of and will follow those cases to the full extent to

which they go, but we do approve of them to the extent that when resistance is made, as in this case, the county board can not go beyond the way as used for twenty years. This is as far as we need go in this case. To grant what appellees contend for, would be to hold that under the statute under consideration, and in a proceeding like this, the county board may, over objections, abandon and vacate the highway as used for twenty years, and establish it upon a different line to correspond with what the land-owners may have supposed was the correct line at the time the highway was opened and they built their fences. And in this case, it would be to hold, also, that appellees may ground their petition upon one theory, and succeed upon another and different theory. The statement of either proposition is its own refutation.

· Appellees do not dispute, what is established by the evidence without conflict, that the way, as now open, has been used as a public highway for more than twenty years. They go upon the theory, as we have seen, that it was not opened upon the line as fixed by the proceeding by the board of township trustees before the commencement of the user, and they rely upon the record of that proceeding, in part, to establish that fact. When it is admitted, or established, that the way as now open has been used as a public highway for more than twenty years, the record of such proceeding can avail appellees nothing as evidence or otherwise. In the first place, such a record will not be allowed to overthrow a highway established by such user. In the second place, the county board has no authority, over objections, in a proceeding like this, to make a record of a highway different from that shown to have been established by such user. And in the third place, the record would not prove, but would tend to disprove the averments in their petition, that the highway, used as such for more than twenty years, is upon the line therein described. In accordance with appellees' theory, the court charged the jury, in effect, and refused

everything to the contrary, that this record would control, and fix the highway upon the line therein described, notwithstanding the fact that the highway, used as such for more than twenty years, is upon a different line. Such instructions put the case to the jury upon a wrong theory, did not state the law correctly as applicable to the case, and hence were erroneous. We held in the principal opinion, that the proceeding by the board of township trustees was void, and the record thereof not competent evidence, because the width of the highway was not stated therein. That proceeding, it will be remembered, was to change a public highway. For this reason, appellees' counsel argue at length, that the width of the highway as changed need not be given; that it will be presumed to be of the same width as before the change. And so the court below charged the jury. After an examination of counsel's argument, we see no reason to change our ruling. While such a proceeding is called changing a highway, practically it amounts to vacating one highway and opening another. If the width of the highway as changed is not stated at all in the proceeding, then the question of its width is left to the judgment or to the conjecture of each individual citizen. The highway sought to be changed may be one established by user, where the width is determined by the way actually used. The change may consist in moving the highway a rod or a half mile in any designated direction. After the change is perfected, the old way is closed up and vacated, and it may be plowed over and cultivated and every trace of its width obliterated. Then there comes a controversy as to the width of the changed or new highway, and there is nothing by which its width can be determined. These proceedings can not be left to this kind of uncertainty. The same reasons that require a holding that the width of the highway shall be given in other highway proceedings, require such a holding here. In the record of the proceeding by the board of township trustees under examination, there

is nothing in the petition, notice nor orders, that gives or indicates the width of the old, or of the highway as changed.

It is further argued by appellee's learned and industrious counsel, that the judgment should be affirmed as to the west mile of the highway in Newton township, because, as to that mile, as they contend, there had been an adjudication. In June, 1882, the superintendent of highways, who was appellant's predecessor in charge of the highways in that township, filed a petition before the county board asking that they send out a surveyor and thus ascertain and enter of record the west mile of the highway (which he averred had been used as such for more than twenty years), so that he might know where and how to improve the same.

Appellee Makeever remonstrated against such action being taken, upon the grounds, substantially, that the highway had not been so used, and that it was not upon the correct line, as fixed by the proceeding by the board of township trustees, etc. The order made by the county board in that proceeding is as follows: "And the board * * * finds for the remonstrant and refuses the prayer of said petition." The superintendent filed what is called a motion for a new trial. No action was taken upon that motion until the succeeding term of the board, at which time this order was made: "And the court, after due consideration, refuses the petitioner's motion for a new trial."

If these orders, in any sense, amount to a judgment, they do not constitute such a judgment as will, in any way, tie up the hands of the county board to afterwards ascertain and make a record of the highway as established by twenty years' user. Nor do that proceeding, and the orders made therein, constitute such an adjudication as will stand in the way of appellant objecting to the making of the order asked by appellees in this proceeding. They are here asking, in effect, that the highway as used shall be so changed as to be upon a different line.

We can not extend this opinion, which has already grown

long, to elaborate or give more in detail, the reasons of our holding upon this branch of the case.    There ought not, we think, to be any misunderstanding as to the scope of the principal opinion; as there stated the trial below was confined. to that portion of the highway which is in Newton township.    The order for a new trial is, therefore, confined to that portion of the highway.

The petition for a rehearing is overruled.

Filed Nov. 17, 1885.