### HOOKER *v.* PHILLIPPE.

[No. 3,712. Filed April 17, 1901.]

BREACH OF MARRIAGE PROMISE.—*Damages.*—The law does not fix any
measure of damages for a breach of marriage promise, and a judg-
ment giving plaintiff one cent damages will not be reversed because
of insufficiency of damages awarded, where the record does not
disclose prejudice, partiality or corruption on the part of the jury.
*p. 502.*

COSTS.—*Review.*—*Appeal and Error.*—A party objecting to a judg-
ment for costs must move to modify or correct the same in order to
have it reviewed on appeal. *p. 503.*

From the Knox Circuit Court. *Affirmed.*

*S. W. Williams* and *O. H. Cobb,* for appellant.
*W. A. Cullop* and *C. B. Kessinger,* for appellee.

WILEY, J.—Appellant was plaintiff below and sued ap-
pellee for a breach of marriage contract. The complaint
avers that appellant and appellee entered into a contract of
marriage; that the same was to have been consummated at a
stated time; that she was ready and willing to carry out her

part of the contract, but that he "did wrongfully break his said promise and did heartlessly abandon plaintiff", and refused and failed to marry her. The case was put at issue by an answer in denial; trial by jury, and a verdict for appellant for one cent damages. Appellant moved for a new trial upon three grounds: (1) That the verdict was not sustained by sufficient evidence; (2) because the verdict was contrary to law, and (3) because of error in the assessment of the amount of recovery, the amount being too small. This motion was overruled. Appellant thereupon moved that judgment be rendered against appellee and in her favor for costs, and appellee moved that appellant should not have judgment for more costs than the amount of her recovery. Appellant's motion for costs was overruled, and that of appellee was sustained. Judgment accordingly. To the rulings on these motions appellant excepted, and has brought such motions and the rulings thereon into the record by bill of exceptions. Appellant has assigned the overruling of her motions for a new trial and for judgment for costs as error. The only question arising under the motion for a new trial, which counsel have discussed, is the amount of the recovery.

It is urged that as the jury found for the appellant, they necessarily found that she had established the contract of marriage as set out in her complaint; that there had been a breach of the contract on the part of appellee, and that for such breach she was entitled to damages in excess of one cent. True, the breach of any contract presupposes resulting damages to the party injured by the breach, but there are cases where the law does not fix any measure of damages. This is such a case. The question of appellant's damages was properly submitted to the jury, and the jury having fixed the amount, and there being nothing in the record to indicate that they were led to the conclusion reached by prejudice, partiality, or corruption, we can not, under the well settled rule, disturb their finding.

The second error assigned is the overruling of appellant's motion for judgment for costs. This assignment of error does not present any question for review. There was no motion to modify or correct the judgment in this respect in the lower court. It has been held that if a judgment is rendered for costs, the party objecting to the same must move to modify or correct the judgment in order to have it reviewed on appeal. *Baldwin* v. *Sutton,* 148 Ind. 591; *Chicago, etc., R. Co.* v. *Eggers,* 147 Ind. 299, and authorities there cited.

Judgment affirmed.