## McCreery v. Fallis et al.

[No. 20,116.   Filed June 5, 1903.   Rehearing denied February 26, 1904.]

Highways.—*By User.—Ascertainment and Record.—Width.*—The act of 1897 (Acts 1897, p. 192, §6762 Burns 1901), providing that all public highways which have been or may hereafter be used as such for twenty years or more shall be deemed public highways, and the board of county commissioners shall have power to cause such roads which have been laid out but not sufficiently described, and such as have been used for twenty years but not recorded, to be ascertained, described and entered of record, "which width shall not be less than thirty feet," applies only to prescriptive highways having a breadth of thirty feet or more. *pp. 256–258.*

Same.—*By User.—Ascertainment and Record.—Width.—Statutes.—Repeal.*— The act of March 5, 1867 (Acts 1867, p. 133, §5035 R. S. 1881), is only partially repealed by the act of 1897 (Acts 1897, p. 192, §6762 Burns 1901), and the former act still authorizes the ascertaining, describing, and entering of record of prescriptive highways of a less width than thirty feet. *p. 258.*

Same.—*By User.—Ascertainment and Record.—Width.—Burden upon Petitioners to Establish.*—Although a petition to have a highway ascertained, described and entered of record does not show that no land of the objectors was to be taken by the proceeding, the burden is on the petitioners to show such facts. *p. 258.*

From Delaware Circuit Court; *J. G. Leffler,* Judge.

Proceeding by Amos L. Fallis and others to ascertain and have entered of record a certain highway to which John W. McCreery and others entered objections. From a judgment of the circuit court in favor of petitioners, John W. McCreery appeals. *Reversed.*

*W. W. Orr, F. W. Stradling, James Bingham* and *Jesse Long,* for appellant.

*G. H. Koons* and *E. M. White,* for appellees.

Gillett, J.—This proceeding was instituted by appellees, by petition filed with the board of commissioners of said county, to have a public highway by user "ascertained, described, and entered of record." Appellant appeared before said board and filed answer, and, after a hearing,

it was ordered that fifteen feet on each side of the center line of said way, as described in the petition, be established as a public highway. Appellant appealed to the circuit court. Pursuant to request, the court, after a trial, filed special findings of fact, together with its conclusions of law, and upon its conclusions of law rendered judgment for appellees in substantial accord with the order of said board.

It appears from the petition, and from the finding of said court, that the way had only been used to a width varying from twenty-two to twenty-eight feet. The briefs of counsel in this case are largely devoted to a discussion as to the meaning and effect of an act entitled "An act defining public highways established by uses [user], and providing for the recording thereof." Acts 1897, p. 192, §6762 Burns 1901. The body of said act, omitting the enacting clause and the emergency section, is as follows: "That all public highways which have been or may hereafter be used as such for twenty years or more, shall be deemed public highways; and the board of county commissioners shall have power to cause such roads used as highways as shall have been laid out but not sufficiently described, and such as have been used for twenty years but not recorded, to be ascertained, described and entered of record, and such board shall declare and establish the width of any such highway, which width shall not be less than thirty feet, and where any such highway shall be located upon a line dividing the lands of different owners, one-half of such highway shall be taken from the land of each owner." This section to and including the word "record" is an almost literal reënactment of the act of March 5, 1867 (Acts 1867, p. 133, §5035 R. S. 1881).

Appellant's counsel deny the application of the act of 1897 to a prescriptive highway of a less width than thirty feet, and further contend, that if the act should be otherwise construed it would be unconstitutional as applied to

a case of this kind.   It is suggested, rather than argued, by appellees' counsel, that, as the width of county and township highways has been prescribed by statute since the year 1853 (§6755 Burns 1901), said act can be upheld by holding that the user was constructively for the statutory width.   Looking only to the words of the enactment of 1897, it would appear open to two possible views as to its construction in relation to highways by user:   (1) That it was an intended legislative authority to ascertain, describe, and enter of record highways established by user, regardless of the extent of the user, and to fix the width thereof at not less than thirty feet; or (2) that the act applies only to prescriptive highways having a width of thirty feet or more, thereby limiting the operation of the act to a certain class of highways established by user, and, if so construed, as granting implied legislative authority to limit the width of the latter class of highways to thirty feet.

We are forbidden the construction first above suggested, because, not only in this case but in a large number of cases, so to hold would be to sanction the confiscation of property; since under the statute of 1867, which was the governing statute while the period of limitation was running in this case, the board had no authority to appropriate land not already in use by the public.   *Yelton* v. *Addison,* 101 Ind. 58; *Strong* v. *Makeever,* 102 Ind. 578, and cases there cited.

The second possible construction that we have mentioned above, namely, that said act applies only to prescriptive highways having a breadth of thirty feet or more, seems to us to be the proper one.   The purpose of the enactment as applied to highways by user, we think we must assume, was to authorize the partial abandonment or narrowing of highways that user had established to a width of more than thirty feet.   This would give the act a constitutional opera-

tion in the main, aside from its relation to highways that had been used to the width of thirty feet, as such partial abandonment of a highway does not ordinarily amount to the taking of the property of the abutting proprietors. See *Haynes* v. *Thomas,* 7 Ind. 388; *Town of Rensselaer* v. *Leopold,* 106 Ind. 29.

Counsel for appellant assume that the act of 1897 affords the only procedure under which a highway by user may be declared of record to exist. This is not in accord with our view. Because of the strong presumption against repeals by implication, we think that it must be held that the act of 1867 has been only partially repealed, and that it still authorizes the ascertaining, describing, and entering of record of prescriptive highways of a less width than thirty feet. Appellees seek to meet the objection of appellant that his land is taken by the proceeding, by the claim that it is not shown that any land of his is taken. We think, even if the petition does not show such fact, that the burden was on appellees, as the moving parties in the proceeding, to procure a finding that would affirmatively show that the end attained was proper as to the appellant.

No question is presented as to the validity of the proceeding as to any third person. If that portion of the highway upon the land of appellant were described, we would order a restating of the conclusions of law; but, as the findings are silent upon this subject, it will be necessary to retry the cause.

Judgment reversed, and a new trial ordered.