## KRUSE v. KEMP ET AL.

[No. 21,819.    Filed June 17, 1913.]

1. HIGHWAYS.—*Highways by User.—Recording.—Variance From Road as Used.—Power of Commissioners.*—Under §7663 Burns 1908, Acts 1905 p. 521, providing that all highways used as such for twenty years or more, shall continue as located, and as of their original width, respectively, until changed according to law, and empowering boards of commissioners to cause such roads as have been used for twenty years to be ascertained, described and entered of record, etc., a board of county commissioners has no power to describe and enter of record any way that substantially varies from that actually used by the public for twenty years or more.   p. 652.

2. HIGHWAYS. — *Highways by User. — Recording. — Evidence. — Judgment.*—Where the petition to record a highway created by twenty years' user under the provisions of §7663 Burns 1908, Acts 1905 p. 521, described a way varying from the way as actually used by the public, a judgment of the circuit court for the petitioners, on appeal from the action of the board of commissioners, which followed the description as found in the petition, is not supported by the evidence.   p. 653.

3. HIGHWAYS.—*Establishment by User.—Recording.—Width of Highway.—Burden of Proof.*—Under §7663 Burns 1908, Acts 1905 p. 521, providing for the recording of highways created by twenty years' user, one seeking to have such a highway recorded has the burden of showing the width of the highway that was used.   p. 653.

From Monroe Circuit Court; *James B. Wilson*, Judge.

Proceeding by Philip Kemp and others against Theodore Kruse, commenced before the board of commissioners of Brown County, to ascertain, describe and enter of record a

certain highway. From a judgment of the circuit court in favor of the petitioners, this appeal is prosecuted. *Reversed.*

*Miers & Corr,* for appellant.

*Joseph E. Henley, Rufus H. East, William L. Rude* and *Anderson Percifield,* for appellee.

Morris, J.—This was an action by appellees against appellant, begun before the board of commissioners of Brown County, to have a highway, alleged to have been used, as such, by the public, for more than 20 years, ascertained, described and entered of record, pursuant to the provisions of §7663 Burns 1908, Acts 1905 p. 521. From a judgment of the county board, there was an appeal to the circuit court. The cause was then venued to Monroe County, where there was a judgment for appellees.

The only question here presented is the sufficiency of the evidence to support the decision of the trial court. There was evidence proving that a way, between the terminals described in the petition, had been used to some extent, by a portion, at least, of the traveling public, for as much as sixty-five years, though it is contended by the appellant that there is no evidence to show a public use, within the meaning of the statute. The way used was very crooked, and wound through a hilly country. The route described in the petition is shorter than the way actually used, and makes marked departures therefrom. There was an evident intention by appellees to have a way entered of record that would eliminate many of the crooks in the way, as traveled. In places, the way described in the petition varied from the traveled way as much as forty feet. There were five or six places where there was a variance of more than eighteen feet, and the way described in the petition crossed and recrossed the center of the actually traveled way at frequent intervals.

It is urged by appellant that the commissioners are without power, under the statutory provision here invoked, to describe and enter of record any way that substantially

varies from that actually used by the public for
1. twenty years or more. In this contention, the appel-
lant must prevail. In *Strong* v. *Makeever* (1885), 102
Ind. 578, 1 N. E. 502, 4 N. E. 11, there was a similar ques-
tion involved, and it was held that a substantial variance was
fatal. The proceeding there was under the act of 1867,
which reads as follows: ''All public highways which have
been or may hereafter be used as such for twenty years or
more shall be deemed public highways; and the Board of
County Commissioners shall have power to cause such of the
roads used as highways as shall have been laid out but not
sufficiently described, and such as have been used for twenty
years but not recorded, to be ascertained, described, and
entered of record.'' Acts 1867 p. 133, §5035 R. S. 1881. The
section under which this proceeding was instituted, provides
that ''all highways, * * * used as such for twenty years
or more, *shall continue as located, and as of their original
width, respectively,* until changed according to law; and
hereafter no highway shall be laid out less than thirty feet
wide, and the order for the laying out of the same shall
specify the width thereof. The board * * * shall have
power to cause such of the roads * * * as have been
used for twenty years, but not recorded, to be ascertained,
described, and entered of record. * * * And such
board shall declare and establish the width of any such high-
way, which width shall not be less than thirty feet * * *.''
(Italics ours.) §7663 Burns 1908, Acts 1905 p. 521.
See, also, Acts 1897 p. 192, §6762 Burns 1901. The phrase,
''shall continue as located,'' was not found in the act of
1867, and its appearance in §7663, *supra,* viewed in the light
of the opinion in *Strong* v. *Makeever, supra,* forces the con-
clusion that the act of 1905 adopted this court's construction
of the act of 1867, as found in the above case.

The judgment of the trial court followed the description
of the way as found in the petition, and there is no evidence

to support it. Appellees cite *Gillespie* v. *Duling* (1908), 41 Ind. App. 217, 83 N. E. 728. The case is not in point because it turned on the question of dedication, rather than twenty years' user by the public.

There was no evidence to show the width of the way actually used, and appellant contends that this failure of proof is fatal. In *McCreery* v. *Fallis* (1904), 162 Ind. 255, 67 N. E. 673, it was held that the burden was on the petitioners to show affirmatively that the defendant's land was not taken. The proceeding there was under the act of 1897, *supra*. The act of 1905, passed a year after the decision in *McCreery* v. *Fallis, supra,* contains this added phrase: "shall continue as located, and as of their original width." In this respect, at least, the act of 1905 evinces the legislative intent to follow the interpretation of this court, in the case last cited; and we therefore hold that, under the act of 1905, where it is sought to record a highway by twenty years' user, the burden is on the petitioners to show the width of the way that was used.

As the judgment must be reversed, it is unnecessary to consider the sufficiency of the evidence to prove a use by the public. Judgment reversed.

NOTE.—Reported in 102 N. E. 133. See, also, under (1) 37 Cyc. 41; (2, 3) 37 Cyc. 41-43. As to deviations from definite line of highway established by user, see 57 Am. St. 763.