## EVANS v. BOWMAN ET AL.

[No. 22,602. Filed May 25, 1915.]

1. HIGHWAYS.—*Establishment of Record.*—*Statutes.*—Under §39 of the act of 1852, §5028 R. S. 1881, it was provided that the order laying out a county highway should specify its width at not less than thirty feet; another act (Acts 1867 p. 133, §5035 R. S. 1881), authorized county boards to enter of record highways used as such for twenty years or more, regardless of their width; §6762 Burns 1901, Acts 1897 p. 192, a reënactment of the main provisions of the act of 1867, provided that the 'board shall declare and establish the width of any such highway, which width shall not be less than thirty feet", and was held by the Supreme Court not to have repealed that part of the act of 1867 authorizing county boards to deal with highways by user of a less width than thirty feet; hence §7663 Burns 1908, Acts 1905 p. 521, §15, containing the same provision as §6762 Burns 1901, having been enacted less than a year after the decision construing the latter, was an adoption of the court's construction, so that thereunder a board of county commissioners had authority to enter of record a highway established by user, though less than thirty feet wide. p. 266.

2. HIGHWAYS.—*Highway by User.*—*Establishment of Record.*—*Judicial Notice.*—Where an adjoining landowner maintained a worm rail fence on a strip four feet wide at the side of a highway established by user, no authority existed, in a proceeding to procure the recording of such highway, to establish its width so as to extend it to a line at the center of the strip on which such fence had been maintained, since the limits of the road could have

been no broader than the use, and the court judicially knows that the public could not use for travel the strip occupied by such fence. p. 267.

From Montgomery Circuit Court; *Jere West*, Judge.

Proceeding on the petition of Oliver W. Bowman and others to ascertain, describe and enter of record a highway established by public user. From an order in favor of petitioners, John F. Evans appeals. *Reversed.*

*Finley P. Mount*, for appellant.
*Crane & McCabe*, for appellees.

MORRIS, J.—Appellees petitioned the board of commissioners to ascertain, describe and enter of record a highway used by the public for more than twenty years. Appellant owned land on the west side of the north end of the road, and filed written objections to the granting of the petition. From an order of the board in appellees' favor, the cause was appealed to the circuit court where it was tried on an agreed statement of facts. From an order ascertaining, describing and entering of record the highway as described in the petition, this appeal is prosecuted.

It appears from the agreed facts that for more than thirty years the public had used a highway, running north and south, that was bounded in part, on the west side thereof, by appellant's land; that the center of the traveled way was on a section line; that west of the traveled way through appellant's land there was maintained, until about thirty days previous to the filing of appellees' petition in 1911, a worm rail fence, which was then removed by appellant, who, in place thereof, erected a wire fence fastened to substantial posts; that the rail fence occupied a strip of ground four feet in width, and the wire fence was placed on a line drawn through interlocking corners of the rails on the east side of the rail fence; that the west line of the road, as described in the petition, and defined and entered of record in the judgment, intersected the center of the

rails as existing in the old fence, and was two feet west of appellant's new fence; that the road as used, opposite appellant's land, varied somewhat in width, but was in all places, adjacent to appellant's land, less than thirty feet wide, if the center line of the rail fence be deemed the western boundary thereof.

In the courts below, and here, it was, and is, contended by appellant that the board was without jurisdiction to describe and enter of record a highway by twenty years' user which is less than thirty feet wide. By §39 of the act of 1852 (1 R. S. 1852 p. 315, §5028 R. S. 1881), it was provided that the order laying out a county highway shall specify its width, which shall be as much as thirty feet. An act passed in 1867 (Acts 1867 p. 133, §5035 R. S. 1881), authorized county boards to ascertain, describe and enter of record highways used as such for twenty years or more. This authority extended to highways of such character, regardless of width. *McCreery* v. *Fallis* (1904), 162 Ind. 255, 258, 67 N. E. 673. The act of 1897 (Acts 1897 p. 192, §6762 Burns 1901), reënacted the main provisions of the act of 1867, and, following the giving of authority to ascertain, describe and enter of record the highway, provided that "such board shall declare and establish the width of any such highway, which width shall not be less than thirty feet." The same provision is found in the act of 1905 (Acts 1905 p. 521, §15, §7663 Burns 1908), in force when this petition was filed. Appellant's contention is based on this provision. In *McCreery* v. *Fallis, supra,* this court held that the act of 1897 did not repeal so much of the act of 1867 as authorized boards of commissioners to deal with highways by user of a less width than thirty feet. Less than a year after that decision was handed down, the legislature passed the act of 1905, containing the same provision that was construed by this court in that case, and we are of the opinion that the legislature thereby adopted this court's construction of the act of 1897, *supra. Kruse*

v. *Kemp* (1913), 179 Ind. 650, 102 N. E. 133. We therefore hold that the board's authority here was not limited because the highway was less than thirty feet wide.

Appellant contends further that the court erred in defining the western boundary of the highway adjacent to his land. When the rail fence was originally constructed, 2. the four-foot strip on which it rested was not subject to any easement, and, if any part thereof later became burdened with such servitude, it was because of public travel thereover for the twenty-year period. It must be borne in mind that no question is here presented involving the consideration of a highway by dedication. By the express provisions of the statute here the road became a public highway by twenty years' user, regardless of the acts or intentions of adjoining landowners. *Strong* v. *Makeever* (1885), 102 Ind. 578, 1 N. E. 502, 4 N. E. 11; *Pitser* v. *McCreery* (1909), 172 Ind. 663, 88 N. E. 303, 89 N. E. 317, and authorities cited. If the road had been originally established by the board, on petition of freeholders (§7649 Burns 1914, Acts 1907 p. 443) with a declared width of thirty feet, and an adjoining landowner had erected a fence that materially projected beyond the highway line, it is manifest that such act would have constituted an obstruction of the road. In such case the landowner must fence on his land not subject to the easement. But here, the traveling public created a highway by twenty years' use; and its limits could not be broader than the use. It is evident that the traveling public no more subjected to its use any portion of the strip on which the rail fence rested, than it would a strip of ground of equal width supporting a stone wall used as a fence. Formerly, worm rail fences were in general use in Indiana along public highways, and even now in portions of the State, they are not uncommon. This court knows that the public could not use for travel any portion of the four-foot strip occupied by the rail fence and we are constrained to hold that the court erred in holding that the

west line of the road coincided with the center line of the old rail fence; that it should have decided that a line drawn over that of the former corners of the rail fence, adjacent to the road, constituted the west boundary thereof. Judgment reversed, with instructions to grant appellant's motion for a new trial.

NOTE.—Reported in 108 N. E. 956. As to facts of which courts will take judicial notice, see 124 Am. St. 20. As to width of highways acquired by adverse user, see 2 Ann. Cas. 973. See, also, under (1) 36 Cyc. 1153; 37 Cyc. 118; (2) 37 Cyc. 40; 16 Cyc. 852.