## Boyer et al. *v.* Everetts et al.

[No. 22,920. Filed October 27, 1916.]

1. Highways.—*Highway by User.—Ascertainment and Record.—Location.—Statute.*—In a proceeding to have a highway acquired by public user ascertained, described and recorded under §7663 Burns 1914, Acts 1905 pp. 521, 525, providing, as to highways by use, that the board of county commissioners shall, on the filing of a proper petition, declare and establish the width of any such highway at not less than thirty feet and, when located on a line dividing the lands of different owners, one-half of such road shall be taken from the land of each owner, where the land actually used by the public for a highway is on the property line of an abutting owner and the greater part of such road is on his land, there is no authority under the statute to so locate the highway

as to make such property line the center line thereof where to do so would necessitate the taking of land for the road beyond the limits of the land actually used by the public. p. 275.

2. HIGHWAYS.—*Highway by User.*—*Ascertainment and Record.*—*Width.*—Under the statute (§7663 Burns 1914, Acts 1905 pp. 521, 525) as to highways by use, the ascertainment and recording of a perscriptive highway of less width than the way actually used is authorized. p. 276.

3. TRIAL.—*Conclusions of Law.*—*Conclusion as to Costs.*—Where the trial court upon proper application has stated the facts found in writing and its conclusions of law thereon, as provided for under §577 Burns 1914, §551 R. S. 1881, a conclusion of law taxing costs is of no effect, since §621 Burns 1914, §594 R. S. 1881, provides for the award of costs and the apportionment thereof. p. 276.

4. COSTS.—*Taxation.*—*Remedies for Erroneous Taxation.*—Questions as to the award of costs should be presented by motions to modify the judgment or to tax costs. p. 277.

From DeKalb Circuit Court; *Emmet A. Bratton.* Judge.

Proceedings on the petition of Warren Boyer and others to ascertain, describe and enter of record a highway established by public user and on the cross-petition of Jasper Everetts and others for the ascertainment and recording of the same highway. From a judgment, Warren Boyer and others appeal. *Affirmed.*

*C. S. Smith* and *Mountz & Brinkerhoff,* for appellants.

*P. V. Hoffman,* for appellees.

MORRIS, J.—Appellants petitioned the board of commissioners of DeKalb county to ascertain, describe and enter of record a road alleged to have been used for twenty years. The petition describes the highway as forty feet wide with the line dividing appellant's and appellee's lands as the center thereof.

Appellees appeared to the petition and answered with a general denial. They also filed a cross-

petition praying for the ascertainment, description
and recording of the same highway, alleged to have
been used for more than twenty years, but the
center of which is alleged to be such a line as would
fix the greater part, in width, on appellants' lands.
An answer of general denial to such cross-petition
was filed by appellants.  The cause was heard by
the board and from its judgment there was an
appeal to the circuit court where there was a trial
with special findings of fact and conclusions of law.
The judgment of the circuit court ascertained,
described and ordered recorded a highway by twenty
years user thirty-five feet wide, with the center
thereof as described in appellees' cross-petition.
Appellants excepted to the conclusions of law, and
also moved for a new trial, but the evidence is not
in the record and only the court's legal conclusions
are presented for review.  Appellees have filed a
motion to dismiss the appeal, but it is insufficient
and is overruled.

The special finding contains redundant and evi-
dentiary matter, but it is expressly found that for
twenty years before the filing of the petition the
traveling public had used a road thirty-five feet
wide, the center line of which coincides with the
one described in the cross-petition and so located
as to fix a width of twenty-two feet of the road on
appellant's lands.  It further states that existing
fences on the sides of the traveled way are apart in
distances varying from thirty-five to forty feet; that
"this highway" was ordered established by the
board of commissioners in 1839, but no width was
prescribed in the order; that at the time the land
was covered with timber, which was afterwards
cleared away to a width of from fifty to sixty feet,
within the limits of which there has been a public
highway for seventy years before the filing of the

petition. The finding does not expressly state that any land was used as a highway for twenty years by the traveling public except said thirty-five foot strip.

Both petition and cross-petition seek to have a highway acquired by twenty years user, ascertained, described and recorded. §7663 Burns 1914, Acts 1905 p. 521, 525. The board of county commissioners had established the road in 1839, but had fixed no width. Strong v. Makeever (1885), 102 Ind. 578, 581, 586, 1 N. E. 502, 4 N. E. 11. The pleadings here involve no theory of a highway acquired by dedication, but, on the contrary, one established by user. Kruse v. Kemp (1913), 179 Ind. 650, 653, 102 N. E. 133. §7663 Burns 1914, supra, contains this provision: "And such board shall declare and establish the width of any such highway, which width shall not be less than thirty feet; and where any such highway shall be located upon a line dividing the lands of different owners, one-half thereof shall be taken from the land of each owner." The same provision was found in the Act of 1897. Acts 1897 p. 192, §6762 Burns 1901.

Appellants contend that they were entitled under the statute to have one-half in width of the road located on appellees' lands, but, under the facts found, we can not agree with such contention. The statute, before the 1905 re-enactment, was construed by this court, and held not to warrant an order for the description and recording of a highway by user beyond the limits of the land actually used by the public. McCreery v. Fallis (1903), 162 Ind. 255, 67 N. E. 673; Kruse v. Kemp, supra; Evans v. Bowman (1915), 183 Ind. 264, 108 N. E. 956. It was not possible here, even if the way had been narrowed to thirty feet in width, to have located the

half thereof on appellees' lands, except by going outside the highway as used by the public.

Appellants further contend that the findings show that the way used varied in width from thirty-five to forty feet, and that the court was without authority to fix any boundary line different from that established by user, though within such limits. We are of the opinion that it is not found as an ultimate fact that the way actually used did so vary, though some evidentiary facts stated might lead to such inference. *Knight* v. *Kerfoot* (1915), 184 Ind. 31, 110 N. E. 206. However, if such ultimate fact had been found, the law authorizes the ascertainment and record of a highway by user of less width than the way actually used. *McCreery* v. *Fallis, supra.*

Following its finding of facts, under the title "Conclusions of Law," appears the following: "4. The court further finds that the petitioners in this action should pay the costs herein made and taxed." Appellants excepted to each conclusion of law stated. Following the judgment for appellees, relating to the ascertainment, description and recording of the highway appears the following: "The court further adjudges that the petitioners in this action do pay the costs herein made and taxed at ——— Dollars." It is contended by appellants that the court erred in its fourth conclusion of law. Counsel for appellees claim that no question is presented by an exception to what purports to be the fourth conclusion of law, and furthermore that the judgment awards no recovery of costs by appellees from appellants; that the proper method of presenting the question was by motion to modify the judgment, or motion to retax costs. Aside from the question relating to formal defects, we are of the opinion that a con-

clusion of law relating to the recovery of cost was not warranted here, and must be disregarded. Our statute (§577 Burns 1914, §551 R. S. 1881) requires the trial court, on timely application, to state the facts in writing and its conclusions of law thereon.

It was not necessary for the court here to state any conclusion of law relative to costs. Our statutes make provisions for the award of costs, including the apportionment thereof. §621 Burns 1914, §594 R. S. 1881. Such questions should be presented by motions to modify judgments or to tax costs. *Skinner* v. *Spann* (1911), 175 Ind. 672, 698, 93 N. E. 1061, 95 N. E. 243; *Hooker* v. *Phillipe* (1900), 26 Ind. App. 501, 60 N. E. 167; 11 Cyc 151.

No reversible error appears in the record. Judgment affirmed.

NOTE.—Reported in 113 N. E. 1003. Acquisition of highways by use, 57 Am. St. 744, 748; 37 Cyc 40, 41; 2 Ann. Cas. 973. See under (4) 11 Cyc 151.