3bm429|
122  113|

## Johnson *vs* Norton.

EJECTMENT.

APPEAL FROM THE FAYETTE CIRCUIT.

*Depositions. Processioners. Ejectment.*

Case 116.

JUDGE BRECK delivered the opinion of the Court.

May 13.

NORTON recovered a judgment in ejectment against Johnson, from which the latter has appealed to this Court.

Norton sought to derive title from Todd, the patentee, through Smith's heirs, from whom a demise was laid in plaintiffs declaration. Subsequently, by an order of Court, their names as lessors were stricken out and the suit, as to them, dismissed. Before this order was made, notice had been given in their names, and a deposition accordingly taken, to the reading of which the defendant, upon the trial, objected, and mainly upon the ground that the notice being only in the name of the heirs, who were then no parties to the suit, was insufficient. The objec-

A demise in the name of the heirs of Smith being stricken out of a declaration in ejectment, does not render it improper to read depositions previously taken in the names of said heirs as demisors.

JOHNSON
vs
NORTON.

tion was overruled and the deposition read, and this is the first error assigned and relied upon by the appellant.

The notice apprised the defendant of the suit, in which the deposition was intended to be read, and it was read in the same suit indicated in the notice ; there was no change in the subject matter, in reference to which it was taken to be used ; the defendant was not deluded by the notice, nor surprised by the testimony : we are, therefore, of opinion there was no error in permitting it to go to the jury. Tther objections were made to the deposition, and also to the deposition of Barry, all of which were correctly overruled.

2ndly. It is urged that the Court erred in permitting the report and proceedings of Processioners, made in 1815, to go as evidence to the jury.

The Commissioners or Processioners were appointed in May, 1814, and under the act of 1796. Before they proceeded to the discharge of their duties, the act of 1815 was passed, and under that act their proceedings seem to have been regulated. It is objected to the proceedings, that they are not in strict compliance with the requisitions of the statute. That it does not appear that the Commissioners were sworn. It may be answered, that the statute does not require that they should be ; and as the persons, under whom the defendant claims the land in contest, were present, it superseded the necessity of notice.

But the report states that the owners of the adjoining land were present, agreeably to notice. In *Miller* vs *Patrick, &c.* (7 *Mon.* 359,) this Court decide, that the presence of the opposite party during the proceedings, renders proof of notice unnecessary. It is further objected, that the Commissioners were not attended by the county Surveyor. They say, we annex hereto the Surveyor's report, and a survey being returned, signed by Richard Higgins, the fair presumption is, he was the Surveyor. In view of the whole report and proceedings, we think they may be regarded as a substantial compliance with the requisitions of the law upon the subject, and that the objection to them, as testimony, was properly overruled.

The statute of 1796, for appointing processioners, does not require them to be sworn.

Notice of the meeting of processioners not necessary where the persons concerned in interest are in attendance.

3rdly. It is insisted, that as the testimony conduced to prove only an undivided interest in the premises in Norton, the verdict being a general one for the plaintiff, cannot be sustained.

In 1836, Norton and Higgins, claiming to have purchased the interest of Smith's heirs in a small tract of land, of which the strip in contest is sought to be recovered as part, two of the Commissioners, appointed for the division and conveyance of land in the county of Fayette, being called on by Higgins for the purpose, proceeded to divide the tract between the parties. In the part allotted to Norton was the land in controversy. They had severally purchased undivided interests from Smith's heirs, Higgins claiming about three and Norton about eight-elevenths of the tract. The testimony conduced to show that the title had been in Smith's heirs, but unless the division, thus made by the Commissioners, vested in Norton their entire title, it does not appear, from other testimony adduced, that he had acquired it. The inquiry then is, as to the effect of this division and conveyance by the Commissioners. So far as Norton and Higgins were concerned, the effect, at most, would be, to vest in each the title of both to the portions respectively allotted to them. The division certainly could not result in the acquisition, by either, of more title than the aggregate of what both previously had. What interest from Smith's heirs Higgins had acquired, only appears from the report *of the Commissioners, which we deem insufficient, per se,* in this case, to establish title in Norton. Norton could only recover to the extent of title, which, independent of the report, it appeared he had acquired from Smith's heirs, which is a fraction, more or less, than six-elevenths, not regarding the interest conveyed by Morrison's executor, after the date of the demise.

It results, therefore, that the verdict and judgment, being for the entire tract as claimed in the declaration, were unauthorized and erroneous, according to the decision of this Court in *Craig* vs *McBride*, (9 *Dana*, 397.)

A plaintiff in ejectment can recover for no more than he shows title to.

The judgment is accordingly reversed, and the cause remanded, that a new trial may be granted and further

proceedings had, not inconsistent with the principles of this opinion.

*Pindell* for plaintiff: *McCalla* for defendant.