EMMA M. MILLER and Husband *vs.* TOWN OF CORINNA.

January 18, 1890.

**Constitution—Highway—Dedication.**—That part of section 47, c. 13, Gen. St. 1878, providing that, "when any road or portion thereof shall have been used, and kept in repair, and worked, for six years continuously, as a public highway, the same shall be deemed as having been dedicated to the public," is valid.

**Highway, how vacated.**—The town supervisors can vacate a highway only in the way prescribed by the statute. Nothing they do, except in that way, can affect the public right.

Ejectment for a strip of land, four rods wide, in Wright county. Defence that for more than 10 years immediately prior to suit brought (which was in March, 1889,) the defendant had been continuously in possession of the land in question, and had continuously worked it, kept it in repair, and used it as a public highway, and during all that time it had been travelled and in use by the public as a highway. At the trial in the district court for Wright county, before *Hooker*, J., the defendant having introduced evidence tending to prove its answer, the plaintiffs, in rebuttal, offered to prove by one of the town supervisors that he and another supervisor, in March, 1888, instructed plaintiffs to close up the strip, and said they would put the road on the line where it was laid out; and that in so doing they were acting as a majority of the board of supervisors. This was excluded, and plaintiffs excepted. Plaintiffs further offered to prove that the board of supervisors of the town of Corinna did, immediately thereafter, open, work, and occupy as a highway a strip along the line 50 feet west of the strip in controversy, and use it as such until July 20, 1888. The court ruled that the plaintiffs might prove acts of the board vacating the road, but could not prove a vacation by acts or sayings of individual supervisors. And as plaintiffs declined to produce evidence of acts of the board, the offer was rejected, and they excepted. The jury found for defendant, a new trial was refused, and the plaintiffs appealed.

*W. H. Cutting*, for appellants.

*J. H. Wendell* and *C. A. Pidgeon*, for respondent.

GILFILLAN, C. J. The question in this case is as to the legal existence of a certain highway, claimed to have become such, not by having been regularly laid out in the manner pointed out in the statute, nor by a common-law dedication, but by user, under that part of section 47, c. 13, Gen. St. 1878, which reads: "That when any road, or portion thereof shall have been used, and kept in repair, and worked, for six years continuously, as a public highway, the same shall be deemed as having 'been dedicated to the public, and be and remain, until lawfully vacated, a public highway, whether the same has ever been laid out as a public highway or not." The evidence was practically uncontradicted that, 10 or 11 years before the action was commenced, the strip in question was cleared and turnpiked for a road, and used by the public and travelled as such continuously till April, 1888, when plaintiff built a fence across it, which remained till July, when the path-master of the road district removed the fence; and during such use it appears to have been repaired and worked from time to time, apparently as its condition required. The evidence showed that it was a public highway, within the terms of the statute quoted, long before plaintiff built the fence across it.

Objection is taken to the statute that it provides for depriving one of his property without due process of law, because it does not provide for legal notice to the owner and a prescribed opportunity to be heard. During the six years after the public have entered upon and begun to use the land as a highway the owner may at any time have an opportunity to be heard, by applying to the courts to have the right of the public tested, or within that time he may close the land against the public use. It is no objection to the law that the owner must take the initiative to have the right of the public determined. *State v. Messenger*, 27 Minn. 119, (6 N. W. Rep. 457.) Actual notice of the commencement of the time within which he must avail himself of the opportunity open to him need not be given. In road proceedings, laying out, altering, or vacating roads, constructive notice must often, of necessity, be resorted to; and it is for the legislature to prescribe, within reasonable limits, how such constructive notice shall be

given. It is competent to provide that the actual entry and user as a highway by the public shall be constructive notice to the owner to resort to the remedy the law affords him, and, a reasonable time being given him (six years is certainly a reasonable time) to resort to it, no objection can be made to its legal sufficiency. The statute is, in effect, similar to the statute of limitations, as applied to real estate. The owner must bring his action within the time specified from the commencement of a continuing disseisin, whether he has actual notice of the disseisin or not, or be barred. The statute is valid.

The land in question having become a legal highway, there was only one mode—that prescribed by the statute—for vacating it. The supervisors, whether acting singly or as a board, could not discontinue it, or affect the right of the public in it, in any other way. The offers of evidence by plaintiff, in rebuttal, were of matters that would in no way affect the legal existence of the highway. We do not intend to intimate that a highway may not cease to exist, as such, by non-user for such length of time, and under such circumstances, as show a permanent abandonment of it. There was no attempt to show such non-user in this case.

Order affirmed.