THOMAS LANDERS

*v.*

THE TOWN OF WHITEFIELD.

*Filed at Ottawa January 15, 1895.*

HIGHWAYS—*user may change from location fixed by order.* Adverse uninterrupted user for twenty years, of land over which a highway passes, gives the public an easement, for obstructing which the owner is liable, although such highway was laid out, in the first instance, by the town authorities in a different place.*

APPEAL from the Circuit Court of Marshall county; the Hon. THOMAS M. SHAW, Judge, presiding.

*The authorities on adverse possession of land for a public high-way to give the public a right thereto, are collected in a note to *Meyer* v. *Graham*, 18 L. R. A. 146.

WINSLOW EVANS, T. P. CLOVER, and E. P. HARNEY, for appellant:

The extent of the easement will be determined by the color of right shown by the incipient proceedings, and not by the user.    Elliott on Roads and Streets, 136; *State* v. *Crow*, 33 Iowa, 258.

When a mistake is discovered, the person owning the land along the road has a right to move his fence out to the true and correct boundary of the road, and is guilty of no offense in so doing.    *State* v. *Schilb*, 47 Iowa, 611.

While the public can be charged with the abandonment of a road, nevertheless the proof to show it must be strong enough to show the establishment of another line as the road.    *Champlin* v. *Morgan*, 20 Ill. 181; *Galbraith* v. *Litteich*, 73 id. 209; Woolrych on Ways, 14; Angell on Highways, sec. 321.

It is only in cases where the facts raise a presumption of a grant of an easement by the owner, that a highway is held to be established by prescription.    Elliott on Roads and Streets, 134.

It matters not that a portion of the road as established has never been thrown into the road as used.    The right of the public to require the removal of the fences, and the throwing of that portion into the road for use, is still perfect.    *Heald* v. *Moore*, 79 Me. 271; *Walker* v. *Caywood*, 31 N. Y. 51.

BARNES & BARNES, for appellee:

Delays in bringing actions cannot be explained by proof going back of the period of limitations.    *Insurance Co.* v. *Buchanan*, 100 Ind. 63; *Waltman* v. *Rend*, 109 id. 366.

No limitation can be defeated by the erroneous fixing of a division line.    *Burdick* v. *Heively*, 23 Iowa, 511.

Where the user is open and visible and under claim of right, the owner of the servient estate is charged with notice.    *Langdon* v. *State*, 23 Neb. 509; *Howard* v. *State*, 47 Ark. 431; 19 Am. & Eng. Ency. of Law, 23.

An instruction that proof of user showing a highway is subject to be rebutted by proof that there is no record of a road, is properly refused. *Daniels* v. *People*, 21 Ill. 441.

Adverse user of a way or easement in land, open and exclusive and uninterrupted for twenty years, with the knowledge and acquiescence of the owner, is conclusive of a right. *Railroad Co.* v. *Hoag*, 90 Ill. 348.

Such use for twenty years is conclusive, and whether the same was adverse and uninterrupted, with acquiescence of the owner, is open to evidence. *Railroad Co.* v. *Hoag*, 90 Ill. 348; *Smith* v. *Miller*, 11 Gray, 145.

Streets and alleys of a town, as fixed by continuous user for more than twenty years, will prevail, unaffected by a prior statutory dedication. *Waltman* v. *Rend*, 109 Ind. 366.

CRAIG, J.: This was an action commenced originally before a justice of the peace by the town of Whitefield, on the complaint of James Quinn, against Thomas Landers, to recover for the obstruction of a highway. The complaint charges that "defendant obstructed the highway running through the center of the east half of section 2, in town 13, north, in range 9, east of the fourth principal meridian; that such obstruction is a fence along and upon said road, and that the obstruction is a damage to said Quinn and to his land." On a trial before a jury in the circuit court defendant was found guilty, and the fine was fixed at three dollars. The court overruled a motion for a new trial and rendered judgment on the verdict, and the defendant appealed.

It appears from the evidence introduced on the trial, that the land where the alleged highway was obstructed was, prior to 1858, vacant and unoccupied. In 1858 a petition, signed by the requisite number of legal voters, was presented to the commissioners of highways of the town of Whitefield, in Marshall county, praying for the

laying out of a public road.  On the 25th day of August, 1858, the commissioners caused a survey to be made of the proposed route.  The following is a plat of the survey made by the surveyors:

Place of beginning.

After the survey was made, the commissioners, on December 24, 1858, in due form, made an order laying out the highway.  That part of the order describing the highway was as follows, to-wit: "Beginning at the northwest corner of the east half of the north-east quarter of section 2, in township 13, north, range 9, east of the fourth principal meridian; thence running south 161.28 rods to stone corner; thence south 100.72 rods to hickory tree, where it intersects with a road running through the south half of said section 2 in said township, according to said survey and the plat hereunto annexed and made a part of this order, which is hereby declared to be public high-

way four rods wide, the above described line being the center thereof."

It will be observed that by the terms of the order of the commissioners the center line between the east half and west half of the north-east quarter of section 2 was the center line of the highway, and the proper line for the fence on each side of the road would be two rods from this line. In fencing up the lands through which the road was laid out, the first fence built west of the road was by Spencer. He commenced at the south-east corner of his land, about two rods west of the stone set by the surveyor, and built his fence north until he reached the Jones land. Jones, in fencing his land, continued the line built by Spencer to the north line of the quarter. The next year after Spencer built, Minier fenced his land, and supposing Spencer had built his fence on the line of the road as laid out, he erected his fence parallel with it, placing his fence four rods east of Spencer's. After fencing his west line, under an arrangement with Higgins, he extended the fence across Higgins' land to the county line. In fencing the lands it was supposed that the fences were erected on the line of the road as it had been laid out and surveyed, but it turned out that in running the fences from south to north they were erected some forty feet too far east. This was not, however, discovered until two or three years ago, when the defendant procured a surveyor and caused the line of the road to be surveyed, and after the survey he set out the west line of his fence to correspond with the survey, which is the obstruction complained of.

For a period of more than twenty years before the obstruction complained of, the road, as fenced by the land owners who owned the lands bordering on the line of the road, was traveled, used and worked as a public highway, and the line of the highway, as shown by fences erected on the east and west lines of the same by the land owners, was recognized by the town, the public and the

land owners as the true line of the highway. From an adverse user for a period of twenty years, it is claimed, on behalf of the town, that the highway, where the road was traveled and used by the public, became a public highway by prescription; while, on the other hand, it is claimed by the defendant that the claim of the public to the highway must be referred to its legal claim of right,— the laid-out road—the identical land upon which the road was located at the time it was laid out by the commissioners of highways. This, as we understand the record, is the principal, and indeed the only, question of any importance presented by the record.

A public highway arises by prescription when there has been an adverse user of the easement continued for a period fixed by law, which in this State is twenty years. In American and English Encyclopedia of Law (vol. 19, p. 7,) it is said: "Prescription is a mode of acquiring title to incorporeal hereditaments by immemorial or long-continued use." On page 11 it is also said: "The adverse use which will give title by prescription to an easement is substantially the same, in quality and characteristics, as the adverse possession which will give title to real estate. As in the case of adverse possession, it must be continued for a long period; it must be adverse, under a claim of right; exclusive, continuous, uninterrupted, and with the knowledge and acquiescence of the owner of the estate out of which the easement is claimed. The use which will ripen into title by prescription must be long continued. In modern times the courts understand the long period of adverse use to correspond with the local period of limitation for quieting titles to land." On page 25 the author says: "A county, town or township may, in its corporate capacity, acquire a right of way by prescription. Where the public has continuously used a way for the statutory period, the presumption is that there is a dedication to the public of the right to use the way."

In *Hill* v. *Crosby*, 2 Pick. 466, it was held : "A grant of a right of way may be presumed from an uninterrupted possession for more than twenty years." The same rule was declared in *Commonwealth* v. *Low*, 3 Pick. 408. In *Ely* v. *Parsons*, 55 Conn. 83, it was held that the existence of a highway may be shown by prescription. (See, also, *Howard* v. *State*, 47 Ark. 431.) In *Town of Lewiston* v. *Proctor*, 27 Ill. 414, this court held that a continuous and uninterrupted use of a highway by the public for more than twenty years creates a prescriptive right to the use of the road. In *Kuhlman* v. *Hecht*, 77 Ill. 570, it was held that a prescriptive right to a way over the land of another can not be acquired short of twenty years continuous, uninterrupted, adverse enjoyment. Where the use has been for that length of time, and it has been peaceable, the law presumes a grant. In *Vail* v. *Mix*, 74 Ill. 127, where the right to keep and maintain a dam over a stream, which caused the waters to overflow the land of another, was under consideration, in deciding the case it was said: "A right to overflow land may, like easements in general, be acquired by an uninterrupted and adverse enjoyment for twenty years, or for the period of time, whatever it may be, limited by the Statute of Limitations for the right of entry upon land." See, also, *Langdon* v. *State*, 23 Neb. 509.

In view of the authorities we think but one conclusion can be reached, viz.: Where there has been an adverse, uninterrupted user, as was the case here, for a period of twenty years, the public acquires an easement in the land over which the highway passes, and the right of entry of the land owner is barred, and if he obstructs the highway he will be liable. The fact that the highway may have been laid out, in the first instance, by the town authorities, does not change the principle. The right of the public arises from an adverse, uninterrupted user of the land for a highway for twenty years. It is the adverse possession and use which bar the right of entry of

the owner, and whether the user begins under proceedings to lay out a highway, or where the owners of lands voluntarily remove their fences and turn the land over to public use, can make no difference, in principle.

*Manrose* v. *Parker*, 90 Ill. 581, has been cited by counsel for appellant as a case in point. There may be found expressions in that case which favor the view of appellant; but upon an examination of the case it will be found that the land in that case claimed by the public as a highway, by prescription, had not been used for a period of twenty years, but the user had continued for only eighteen or nineteen years. There was therefore no ground upon which the title by prescription could be predicated.

We have made no special allusion to the action of the court on the instructions, but what has been said covers the questions raised in the instructions.

The judgment of the circuit will be affirmed.

*Judgment affirmed.*