JOHN W. SHANLINE v. JAMES WILTSIE *et al.*

No. 13,789.   (78 Pac. 436.)

SYLLABUS BY THE COURT.

1. SURVEY OF BOUNDARIES—*Petitioner Who Was Present at Survey is Concluded by the Report if he Omitted to Appeal.* One who joined in an application for survey for the establishment of the corners or boundaries of his land, under sections 1836, 1837 and 1838, General Statutes of 1889 (replaced by sections 1818 to 1822, inclusive, ·General Statutes of 1901), who was present when his land was surveyed, and who omitted to appeal from the report of the survey, is concluded by it, notwithstanding that notice of the survey was not served upon him.

2. ———— *Presumption that Surveying Operations Were Continuous.* Where the report of the survey of a congressional township shows that it was begun May 13 and completed July 30, one who wishes to challenge the result is not relieved from the necessity of appealing from the report within thirty days of the time it is filed by the fact that no· adjournments are shown by the report, when there is nothing to indicate that the surveying

12—70 KAN.

operations were not continuous between the dates named. In such case it will be presumed that no adjournments were had except those from one day to the next, and these need not be noted in the report.

3. ——— *Road Established and Used by Residents as Following Section-line, Contrary to Fact, Not a Dedication and Acceptance for Highway Purposes.* Where residents along a section-line mark out a road following such line as then understood to be located, and such road is generally traveled and is improved and put in repair by the township officers, such acts will not be interpreted as a dedication and acceptance for highway purposes of the strip of land actually marked out, used, and worked, where it is found that it in fact departs from the true position of the section-line.

4. ——— *To Create a Public Road by Prescription, or Limitation, the Use Must be Adverse.* Where a legal highway is duly established by order of the county board along a section-line, but the road actually traveled, through misapprehension, departs somewhat from the true line at one place, such conditions, for however long continued, will not operate to effect an abandonment of the public easement over the true course, or to create by prescription or limitation a right of way over the tract actually used for travel.

Error from Pratt district court; PRESTON B. GILLETT, judge.    Opinion filed November 5, 1904.    Affirmed.

*Charles H. Apt,* and *B. D. Crawford,* for plaintiff in error.

*William Barrett,* and *R. F. Crick,* for defendants in error.

The opinion of the court was delivered by

MASON, J.: In 1883 a petition was presented to the commissioners of Pratt county asking the establishment of a public road running east and west along a section-line for a distance of ten miles.    Conditions existed which, under the statute, authorized the commissioners to dispense with a survey and with the

appointment. of viewers, and they did so, and made an order for the opening of such road. The land on each side of this section-line was unoccupied government land prior to 1877. In that year, and in 1878, it was settled upon by claimants under the United States homestead law, who made final proof and became entitled to patents in 1883 or 1884. In 1878, or shortly thereafter, the settlers set out rows of trees and hedges about thirty feet on each side of the section line, being governed by the location of the corners as fixed by the government surveyors, and the roadway so marked out became a traveled thoroughfare in general use. From the time of the order establishing a legal road the strip of land lying between the hedge-rows continued to be used by the public as a road, and was improved and kept in repair for such use by the road-overseers. Some work of the kind had been done by the township officers before the order was made.

In 1889, under the provisions of sections 1836, 1837 and 1838 of the General Statutes of 1889 (now replaced by sections 1818 to 1822, inclusive, of the General Statutes of 1901), the county surveyor made a survey of the congressional township in which the greater part of the road lay, in the course of which he located a certain section corner of such section-line fifty-seven feet north of the middle of the road as then used. No attempt was made to change the location of the traveled way until May, 1901, when the road-overseer undertook to make it conform to the results of such survey, that is to say, to move it fifty-seven feet to the north at the place of such changed section corner, by closing the old tract and opening a new one to travel. Plaintiff, being the owner of the land lying north of the section-line at this place, brought suit against the road-overseer to prevent such action, joining as defend-

ants the owners of the land lying south of his.  He
was denied relief and brings this proceeding to review
the judgment against him.  The trial court made de-
tailed and explicit findings, covering every phase of
the controversy, and the only serious question pre-
sented is whether there was error in the application
of the law to them.  They include the facts already
stated, and others which so far as necessary will be
indicated in the course of the discussion.

The notice of the survey required by statute was not
given to plaintiff.  There was a similar omission as
to several other residents, and the published notice to
non-residents was defective.  The plaintiff claims
that by reason of these defects the survey does not
bind him.  As he was one of the signers of the appli-
cation for the survey, and was present when his lands
were surveyed, the lack of a formal notice to him was
not material; he cannot complain of the failure to
give notice to others, and by neglecting to appeal he
lost the right to question the result.  (*Close v. Hun-
tington*, 66 Kan. 354, 71 Pac. 812; *Neary v. Jones*, 89
Iowa, 556, 56 N. W. 675; *Johnson v. Norton*, 3 B.
Mon. 429.)

A further objection is made that as the survey was
begun May 13 and completed July 30, the record not
showing any adjournments, plaintiff had no means of
knowing when the report would be filed and the thirty
days for taking an appeal would begin to run, and
that therefore, within the authority of *Schwab v. Stone-
back*, 49 Kan. 607, 31 Pac. 142, he was not required
to appeal in order to challenge the surveyor's findings.
In that case the surveyor was shown to have worked
for two days, and then, without an adjournment for
any definite time, to have ceased operations for more
than two months, and then to have finished the sur-

vey and filed his report.   It was held that the survey
was not binding upon one who had no notice of the
time of its conclusion.   But here there is no showing
that there was any interruption of the work whatever,
and the presumption is that it was continuous, with
no adjournments except those from one day to the
next, and no notice of these is required, nor need they
be referred to in the report.

It appears from the findings of the court that the
middle of the traveled road in fact coincided with the
true section-line as established and marked at the time
of the government survey, and that the surveyor made
a mistake when he fixed the section corner fifty-seven
feet north of it.   But this determination is not subject
to review in the courts by an independent action, and
not having been appealed from it is conclusive upon
the plaintiff, and must be accepted as correct for the
purposes of this case.   The question therefore arises,
whether the road marked out by the hedgerows and
actually used for general travel, although departing
from the section-line at the place under consideration,
became a public highway by prescription or dedica-
tion.   If so, it doubtless follows that the right to open
a road along the true section-line, under the order
made by the county board, was lost by its remaining
unopened for seven years.  (Gen. Stat. 1901, § 6058.)

In order for a public road to be created by prescrip-
tion, or limitation, its use by the public must be ad-
verse.   (*Smith v. Smith*, 34 Kan. 293, 8 Pac. 385; *The
State v. Horn*, 35 id. 717, 12 Pac. 148; *District of Colum-
bia v. Robinson*, 180 U. S. 92, 21 Sup. Ct. 238, 45 L.
Ed. 440; *O'Connell v. Chicago Terminal R. R. Co.*, 184
Ill. 308, 56 N. E. 355; Ell. Roads & High. § 175.)
As between the respective owners of adjoining lands,
a physical possession held by one of them of a part

of his neighbor's ground, taken and held through a misapprehension of the location of the boundary line, is not adverse, and, however long continued, will not ripen into a title or set the statute of limitations in operation, for the reason that there is no intention on the part of the occupant to exercise, or on the part of the owner to suffer, any dominion beyond the true line, wherever it may be. (*Winn v. Abeles*, 35 Kan. 85, 10 Pac. 443, 57 Am. Rep. 138; 1 Cyc. 1036, 1037.)

The same principle applies with equal force here. Obviously, prior to the action of the county board the road was marked out and used with reference to the supposed position of the section-line; after that time the use was continued in the belief that it was in conformity with the order made. It follows that the public and the adjoining owners alike intended that travel should be, and supposed that it in fact was, confined to a strip of land following the section-line. No purpose can be attributed on the one hand to assert, or on the other to admit, a right to use as a highway any ground except such strip. The inadvertent use of any other did not constitute an adverse occupancy, and could not afford a basis for the establishment of a way by prescription, or limitation.

The principle applies equally well to the matter of dedication, which can be accomplished only through the manifestation of an intent to dedicate. (*The State v. Adkins*, 42 Kan. 203, 21 Pac. 1069.) Here no purpose was exhibited on the part of the owners to give as a highway, or on the part of the public officers to accept as such, any land except a strip bisected by the section-line. These views find support in the following decisions: *Stickel v. Stoddard, as Trustee*, 28 Kan. 715; *Wilson v. Janes*, 29 id. 233;

*Webb v. Comm'rs of Butler Co.*, 52 id. 375, 34 Pac. 973; *State v. Auchard*, 22 Mont. 14, 55 Pac. 361; *Pillsbury v. Brown*, 82 Me. 450, 19 Atl. 858, 9 L. R. A. 94; *Konkel v. Town of Pella*, 99 N. W. (Wis.) 453; *The State v. Welpton*, 34 Iowa, 144; *The State v. Schilb*, 47 id. 611; *Bolton v. McShane*, 79 id. 26, 44 N. W. 211; *Hamilton County v. Garrett*, 62 Tex. 602; *Dowdle v. Cornue et al.*, 9 S. Dak. 126, 68 N. W. 194.

The third paragraph of the reporter's head-note in *Konkel v. Town of Pella, supra*, fairly indicates the scope of the decision. It reads:

"Where an attempt was made to lay out a road along a section line, travel for the period of twenty years a little to one side of the road did not operate as an abandonment of a road as laid out, and an acquisition by prescription of a road of the same width, with the usually traveled track as its center."

The second paragraph of the syllabus in *The State v. Welpton, supra*, reads:

"Where a highway is established upon a certain line, the law will not presume a grant or prescription of land outside of such line because of the public use thereof, growing out of a slight and mistaken variance between such use and the true line."

The ninth paragraph of the syllabus in *Hamilton County v. Garrett, supra*, reads:

"Where the use of land for a highway is supposed to conform to the highway as laid out, but in fact varies from it, the public do not acquire a right to the strip actually used, in virtue of an adverse possession, because the possession does not correspond with the claim of right; nor in virtue of dedication, because there was never an intent by the owner of the land to dedicate the strip used."

In the case of *Dowdle v. Cornue et al., supra*, the third paragraph of the syllabus reads:

"Where a section-line road has been established

along a controverted line, but substantially on the section line, it follows and is located on the true section line, whenever that is finally determined.''

There are cases holding in effect that where a traveled road departs from the true line along which it has been ordered to be opened its use for the period of limitation will make a public highway of the strip so used. See *Patterson v. Munyan*, 93 Cal. 128, 29 Pac. 250; *Landers v. Town of Whitefield*, 154 Ill. 630, 39 N. E. 656 (practically overruling *Manrose v. Parker*, 90 Ill. 581); *Lemasters v. The State*, 10 Ind. 391; *Strong, Trustee, v. Makeever et al.*, 102 id. 578, 1 N. E. 502; *Bales v. Pidgeon*, 129 id. 548, 29 N. E. 34; *Taylor v. Bailey*, Wright (Ohio), 646; *Commonwealth v. Railroad Co.*, 135 Pa. St. 256, 19 Atl. 1051; *Commonwealth v. Dicken*, 145 id. 453, 22 Atl. 1043; *Hancock v. Borough of Wyoming, Appellant*, 148 id. 635, 24 Atl. 88. It may be that some of these cases turn upon statutes or special circumstances distinguishing them from the one at bar. So far as their conclusions conflict with the views already expressed, we must believe that they were reached without giving sufficient weight to the considerations suggested.

' An entirely different question is presented where the general travel departs from the true course of a laid-out road, not by reason of a mistake as to its location, but in consequence of a deliberate purpose to choose a different route. In such cases a design is manifested to substitute one route for another, to which effect may be given consistently with the principle stated. See *Gulick v. Groendyke*, 38 N. J. Law, 114; *Almy v. Church*, 18 R. I. 182, 26 Atl. 58; *Wakeman v. Wilbur*, 147 N. Y. 657, 42 N. E. 341. The case of *Shaffer v. Weech*, 34 Kan. 595, is in point. There the viewers gave to a road a definite loca-

Shanline v. Wiltsie.

tion, determined not by any surveyor's line but by the surface character of the district traversed.   The road-overseer opened it, and the public used it, in accordance with such location.   It was found that the surveyor's map and field-notes did not accurately correspond with the position of the road as marked out by the viewers.   Under these circumstances it was held that the road should not be changed to the position indicated by the surveyor's record ; that this was merely so much evidence of where the location was in fact made, and that this evidence was overcome by satisfactory proof of a different location.   In that case the surveyor simply undertook to make a correct description of the road as located ; the intention was that the line he described should conform to the route taken by the road.   Here the intention was that the route of the road should conform to the section-line, wherever situated.

A specific assignment of error is argued relative to the admission in evidence of a deposition which it is claimed was not filed one day before the trial.   The trial began at Pratt, January 30 ; the deposition was taken at Hutchinson, January 28 ; it is not shown when it was filed.   It may have been filed on the same day it was taken, which would have been in time.

An objection has been made to the jurisdiction of this court to review the judgment rendered, on the ground that the amount in controversy does not exceed $100, but from the showing made it is found that more than that amount is involved.

The judgment is affirmed.

All the Justices concurring.