MARY MEYER v. TOWN OF PETERSBURG and Others.[1]

December 7, 1906.

Nos. 14,973—(58).

**Highway.**

> Where a strip of land has been claimed to be a highway by statutory user, under the provisions of section 1832, G. S. 1894, and all of the provisions of the statute as to its use have been complied with, it is a legal highway, although the landowner and the public authorities may have been mistaken as to the true location of a section line which they believed to have been the center of the highway as used.

Action in the district court for Jackson county to restrain defendants from trespassing upon plaintiff's land. The case was tried before Lorin Cray, J., who found in favor of plaintiff. From orders denying motions to amend the findings of fact and conclusions of law and for a new trial, defendants appealed. Reversed and a new trial granted.

*Knox & Faber,* for appellant.

*Albert R. Allen, De Forrest Ward,* and *William H. Miller,* for respondent.

[1] Reported in 109 N. W. 840.

START, C. J.

This action was brought in the district court of the county of Jackson to enjoin the defendant town and its board of supervisors from removing certain fences erected on the land of the plaintiff. The defense was that the locus in quo was a public highway; that the fences were in the highway, and were removed by the defendants as an obstruction to its use. The cause was tried by the court without a jury, findings of fact were made, and, as a conclusion of law, judgment was ordered for the plaintiff on the merits. The defendants appealed from an order denying their motion for a new trial. The conclusion of law of the trial court that the plaintiff was entitled to judgment necessarily rests upon the proposition that the locus in quo was not a public highway. The correctness of the premises presents the only question for our consideration.

If any public highway was shown in this case it was one acquired by statutory user. The evidence shows that an attempt was made in 1871 by the town supervisors to lay out a highway along the section line on the south side of the plaintiff's land, but the only evidence to support this claim of the plaintiff that a highway was legally laid was an order of the supervisors purporting to lay the road along the section line. This order recited on its face that the action of the supervisors was based upon a petition of six legal voters instead of six freeholders as then required by statute. Laws 1868, p. 85, c. 48, § 2, which was repealed by Laws 1873, p. 114, c. 5, § 74. The order was prima facie evidence of the jurisdictional facts therein recited. A petition such as was required by statute was a jurisdictional prerequisite to the laying out of a legal highway. Cassidy v. Smith, 13 Minn. 122 (129). Therefore, the order failed to recite a jurisdictional fact and, standing alone, the order was not sufficient to show that a legal highway had been laid out. The evidence is practically undisputed, and the trial court so found that at and along the locus in quo a road was opened, and that ever since the year 1889 it had been graded, bridged, traveled, kept in repair, and worked continuously as a public highway. The court, however, found that such highway had been opened, traveled, used, kept in repair, and worked as a public highway under the mistaken belief on the part of the town supervisors and the plaintiff that such highway was in fact on the

section line on the south boundary of the plaintiff's land where the attempt to lay a highway in 1871 had been made. And, further, that the center line of the highway as opened and traveled and kept in repair was seventy two feet north of the section line. The finding of the trial court as to the mistake of the parties and the true location of the section corner and line is challenged by the defendants on the ground that it is not sustained by the evidence. While the evidence on those questions was conflicting we are of the opinion that it was sufficient to support the finding.

The basis of the trial court's conclusion of law that there was no highway at the locus in quo was the fact that the road had been opened, kept in repair, worked, and traveled as a public highway continuously for more than six years upon the mistaken belief of the plaintiff and town supervisors that the road was on the section line. And, further, that except for such mistake a public highway at the locus in quo by statutory user had been established. The pivotal question then, is this: Did such mistaken belief of the parties bar the public from acquiring a public highway by statutory user? We answer the question in the negative.

The statute applicable to this case is this:

> When any road or portion thereof shall have been used and kept in repair and worked, for six years continuously as a public highway, the same shall be deemed as having been dedicated to the public, and be and remain until lawfully vacated a public highway whether the same has ever been laid out as a public highway or not. G. S. 1894, § 1832.

See amendment to the statute as to the width of highways so acquired. Laws 1905, p. 85, c. 66, § 1.

This court in a number of cases has considered the nature and effect of this statute. In the case of Miller v. Town of Corinna, 42 Minn. 391, 44 N. W. 127, it was held that "the statute is, in effect, similar to the statute of limitations as applied to real estate. The owner must bring his action within the time specified from the commencement of a continuing disseisin, whether he has actual notice of the disseisin or not, or be barred." In Marchand v. Town of Maple Grove, 48 Minn. 271, 51 N. W. 606, the statute is declared to be "a

statute of limitations, in effect, predicated and only justifiable upon a claim of actual adverse possession, occupation, and improvement for the period of six continuous years." It was also held in Klenk v. Town of Walnut Lake, 51 Minn. 381, 53 N. W. 703, Chief Justice Gilfillan speaking for the court, that "the statute referred to is somewhat in the nature of a statute of limitations prescribing a time after which, under the conditions specified in it, to wit, using, keeping in repair and working, the owner shall not be heard to question the existence of the highway."

Such being the nature and effect of the statute, it follows that the decisions of this court, ·with reference to the effect of a mistake of a party as to the location of a boundary line, upon his claim of adverse possession, are here pertinent if not strictly in point. In the case of Seymour, Sabin &·Co. v. Carli, 31 Minn. 81, 16 N. W. 495, the defendant or his grantor entered upon the disputed parcel of land and held actual possession thereof claiming title thereto under a mistake as to the location of the boundary line between his land and the adjoining land of the plaintiff. It was the contention of the plaintiff that by reason of the mistake the possession of the defendant was not adverse. The court conceded that the plaintiff's claim was sustained by the decisions of the courts of some of the states, but declined to sustain the claim and said: "In view of what seems to us to be the plain, practical purpose of the statute which deals with the question of actual possession by the adverse claimant in such cases, this reasoning does not appear to be sound, and we are unable to assent to the conclusions sought to be reached by it. The result would be, in the case at bar, that the statute would never run, whatever might be the character of the occupancy or improvements, or the length of time continued." The rule so laid down was followed in Ramsey v. Glenny, 45 Minn. 401, 48 N. W. 322, 22 Am. St. 736.

Reading the statute in question in the light of those decisions, we find that it unqualifiedly declares that any road, regardless of its origin, which has been used, kept in repair, and worked as therein provided shall be and remain a public highway until lawfully vacated. It is true that the statute also declares that such a road "shall be deemed as having been dedicated to the public," however, it is obvious that the right of the public to claim such road as a highway does not rest on any in-

tention of the landowner, which is one of the essential elements of a common-law dedication, but upon the possession, use, repair, ·and working of the road as a public highway continuously for six years. Or in other words, the public, by virtue of this short statute of limitations as to the adverse possession of land for the purposes of a highway, acquires, if the conditions of the statute have been complied with, a legal highway which can only be vacated or changed by the mode prescribed by the statute. Miller v. Town of Corinna, 42 Minn. 391, 44 N. W. 127; Strong v. Makeever, 102 Ind. 578, 1 N. E. 502, 4 N. E. 11; Landers v. Town of Whitefield, 154 Ill. 630, 39 N. E. 656. It follows that adjudged cases as to a common-law dedication of a highway, or cases where a legal highway has been laid out by the public authorities and there has been a divergence of the travel from the true line of the existing legally laid out highway (see Bice v. Town of Walcott, 64 Minn. 459, 67 N. W. 360; and State v. Welpton, 34 Iowa, 144), are not here in point. And further that· where a strip of land has been claimed to be a highway by statutory user, and all of the conditions of the statute have been complied with, it is a legal highway although the landowner and the public authorities may have been mistaken as to the true location of a section line which they believed to have been the center of the highway as used.

Order reversed and a new trial granted.