J. H. BRACK v. H. S. OCHS *et al.*

No. 16,065.

HIGHWAYS—*Location.* The evidence held to justify a finding that the intention in laying out a highway was that it should be located as marked out by the surveyors, and not that it should exactly follow the section-line.

Error from Rush district court; CHARLES E. LOB-DELL, judge. Opinion filed June 5, 1909. Affirmed.

*S. I. Hale, W. H. Russell,* and *Frank V. Russell,* for the plaintiff in error.

*H. L. Anderson,* for the defendants in error.

*Per Curiam:* The plaintiff in error presents for review nothing but a question of fact. It is conceded, and properly conceded, that the commissioners had the power to review, re-mark and straighten the highway, and to establish it south of the plaintiff's fence, but it is contended they took no such action. It is said the purpose was to put the highway on the section-line; that whatever the commissioners did was done in execution of such purpose; that by mistake the true section-line was missed; and hence that no matter where the survey ran or the marks were placed the road is still on the section-line, which, under the circumstances, is the Edwards line. The legal conclusion would doubtless be sound (*Shanline v. Wiltsie,* 70 Kan. 177) if the facts were as the plaintiff states, but the fifth finding is against him. It excludes the notion of a mistake made in an ineffctual attempt to conform to the section-line and the marking out of the road at a place not intended, and declares that the commissioners actually determined the definite location of the road and marked out its course.

The plaintiff appeals to the evidence, and points out testimony of two of the commissioners that they in-

28—80 KAN.

tended to put the road on the section-line and testimony of the surveyor that he intended to follow the government line according to the field-notes. Such testimony was indeed given, but it is only a fragment of the whole.

The court did not find that the Edwards survey was correct, but simply that the parties can not now dispute it. The commissioners testified they did not know the location of either the government line or the Edwards line. The evidence clearly shows that a straight line does not coincide with either one. The commissioners did not order the surveyor to find either one, which if followed would have made a crooked road, but ordered him to run a straight line for the road, which he did, adhering to the section-line as nearly as possible. He testified the intention was to straighten the line; that the intention was not to put the road on the government line, but to get a straight line for the three miles of road. He made a report of just what was done, and attached to the report a plat showing a straight road three miles long. The commissioners in their written report as viewers recommended that the road be straightened according to the surveyor's report, and in their order as a board they ordered the road established according to the report and survey, which necessitates a straight line. They marked the straight line so surveyed, so platted, so reported and so adopted in a conspicuous manner on the ground as the line of the road. Now, all this indicates that the real intention was to follow the section-line as closely as possible, but wherever the section-line deviated from the surveyed line the latter should be the course of the road.

If this be the correct interpretation of the evidence the trial court is justified. If not, the most that can be said on the plaintiff's side is that some of the oral evidence conflicts with the official record of the proceeding. In that event the court had the right to fall back

upon the full and accurate record of what was plainly
done as the best evidence of what was intended to be
done, and it still must be sustained.

The judgment is affirmed.