674 · APPELLATE COURTS OF ILLINOIS.

Commissioners of Road Districts v. Swain, 168 Ill. App. 674.

## Commissioners of Road Districts etc., Appellees, v. · Jane A. Swain, Appellant.

1. ROADS AND BRIDGES—*effect of prescriptive use.* Where there
has been an adverse, uninterrupted user for a period of twenty
years, the public acquires an easement in the land over which the
highway passes, and the right of entry of the landowner is barred,
and if he obstructs the highway he will be liable. The fact that
the highway may have been laid out in the first instance by the
town authorities does not change the principle.

2. ROADS AND BRIDGES—*when question of jurisdiction in action to
recover penalty for obstruction of highway, waived.* If such an ac-
tion be instituted in the individual names of the commissioners
rather than in the name of the district in which the offense was

THIRD DISTRICT—MARCH, 1912.    675

Commissioners of Road Districts v. Swain, 168 Ill. App. 674.

committed, the question is waived by the defendant proceeding to trial upon the merits.

3. JUSTICES OF THE PEACE—*jurisdiction in action to recover penalty for obstruction of highway.* Justices of the peace within the county where the district is located have jurisdiction to determine such an action.

Appeal from the Circuit Court of Morgan county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the May term, 1911. Affirmed. Opinion filed March 15, 1912.

WORTHINGTON & REEVE, for appellant.

KIRBY, WILSON & BALDWIN, for appellees.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

The plaintiffs, who were road commissioners of road districts 7 and 8, in Morgan county, instituted this proceeding before a justice of the peace, to recover from the defendant the statutory penalty for obstructing a public highway. The cause was appealed therefrom to the Circuit Court, and a verdict returned against the defendant for $3, for obstructing the public highway after notice to remove the same, and $196 for suffering the obstruction to remain for a period of 196 days after notice to remove the same. Upon motion for new trial the plaintiffs entered a *remittitur* of $157 of the penalty, theretofore fixed by the jury, for suffering the obstruction to remain after being duly notified to remove the same, and judgment was rendered against the defendant for $42 and costs.

It is admitted that a public highway had existed for many years somewhere along the line of the east side of the defendant's land, the controverted question upon the trial being whether the obstruction complained of was upon a part of such public highway. The evidence discloses that for some time prior to the year 1861 and to the date of the construction of the alleged obstruction, the public highway which lay

676     APPELLATE COURTS OF ILLINOIS.

Commissioners of Road Districts v. Swain, 168 Ill. App. 674.

along the boundary line between road districts 7 and 8, was fenced on both sides by hedge fences, and from hedge to hedge averaged about 50 feet in width; that next to the hedge fences strips seven or eight feet in width were set apart as grass plats; that next to the grass plats on either side of the road, there were ditches from two to three feet in width, for carrying off surface water, and that between the ditches lay the main traveled wagon road. The evidence further discloses that this condition existed for the full length of the road. The evidence further shows that in the year 1906, a portion of the hedge fence along the west side of the road was damaged by fire, and that the defendant thereupon removed the same, for a distance of 89 rods, and built a fence some ten feet east of the line of the hedge fence, thus taking into her field a part of the grass plat on the west side of the road. On June 13, 1910, the defendant was notified by the plaintiffs to remove such fence, and upon her failure to do so, on June 27th, filed the complaint upon which the present proceeding is founded, before a justice of the peace who resided in Morgan county but outside of the road districts in question.

The defendant offered in evidence a record of the proceedings of the county commissioners of Morgan county, which tended to show that a highway forty feet wide and within the boundaries of the alleged existing highway, was established and located by the county commissioners in 1852, but the court held such record to be incompetent and immaterial and refused to admit the same. The issue presented and tried was whether the strip fenced in by the defendant was a part of the public highway. The evidence introduced by the plaintiffs showed that for over forty years the strip of land bounded by the hedge fences had been a public highway; that the road had been graded, tiled, ditched and maintained in the usual manner; that the public had used or had the right to use at will, without

interference, all of the road between the hedge fences. The plaintiffs contend that by reason thereof a highway, the boundaries of which were not co-extensive with the highway as originally laid out, had been established by prescription. The defendant insists that the evidence shows that any use by the public of the strip of ground outside of the line of the highway as located by the county commissioners, was merely permissive and not adverse to her right, and was not continued for a period of twenty years; that there is no evidence in the record to show that the strip of land upon which the obstruction was located, was ever used by the public under any claim of right, or that any road commissioner or other person ever asserted a right in the public to said strip, until about four years after the alleged obstruction was erected. Upon the question of fact thus presented, as to whether there had been an adverse, uninterrupted user for a period of twenty years, the evidence was in conflict. We cannot say that the finding of the jury in favor of the plaintiffs was clearly against the weight of the evidence. We are, therefore, not at liberty to disturb the same.

Under the facts established by the plaintiffs' evidence, the law presumes that all the land lying between the hedges has been dedicated for the use of the public, and the same became a public road to the same extent as though it had been laid out under the statute, without regard to the location of the highway as originally laid out. It is well settled that where there has been an adverse, uninterrupted user for a period of twenty years, the public acquires an easement in the land over which the highway passes, and the right of entry of the land-owner is barred, and if he obstructs the highway he will be liable. The fact that the highway may have been laid out in the first instance by the town authorities does not change the principle. The right of the public arises from the adverse, uninter-

rupted user of the land for a highway for twenty years. It is the adverse possession and use which bar the right of entry of the owner, and whether the user begins under proceedings to lay out a highway, or where the owners of lands voluntarily remove their fences and turn the land over to public use, can make no difference in principle. Landers v. Town, 154 Ill. 630; Town v. Clark, 250 Ill. 57. Although the records of the county commissioners offered in evidence might properly have been admitted we are convinced the probative force of the same would have been so slight as not to have affected the verdict: The instructions given by the court, when taken as a whole, are in harmony with the foregoing rule. We do not regard the authorities cited by counsel for the defendant as adverse thereto.

It appears from the original complaint, that this suit was instituted in the individual names of the commissioners, and not in the name of the districts in which the offense was committed as is provided by paragraph 139, chapter 121 of the statutes. Rev. Stat. 1909, page 1937. While a motion for a new trial was pending in the Circuit Court, the plaintiffs were granted leave to amend such complaint and process, so as to obviate this objection, but the abstract fails to show that such amendment was formally made. It is urged that inasmuch as the suit was not properly instituted in the name of the districts, the justice of the peace before whom it was instituted was without jurisdiction to hear the same. We are of opinion that having failed to raise the question of the jurisdiction of the Circuit Court, and proceeded to trial upon the merits, the defendant must be regarded as having waived the objection, the basis of which is more technical than substantial. Cox v. Com., 194 Ill. 355. For the same reason, the contention that the judgment should be reversed because the proceeding was not instituted before a justice of the peace of the district

in which the alleged offense was committed, the justice who heard the case was without jurisdiction, is without merit.  Justices within the county where the district is located have jurisdiction to try and dispose of matters of this character.  The object and purpose of the requirement of paragraph 243 of the Roads and Bridges Act, are but to confer upon those charged with the violation of the provisions, the right to be sued within the road district in which the offense is alleged to have been committed, and not to limit the jurisdiction of justices of the peace over the subject-matter.  It affects the jurisdiction of the person merely.  While the right of the defendant to be sued before a justice residing within the district was a substantial one, it was nevertheless one which could be and was waived by her failure to raise the question in apt time.

It is conceded by the plaintiffs that the right to recover for the original obstruction is barred by the statute of limitations, and it is urged that the verdict was therefore erroneous in that the sum of $3 was assessed as a penalty for the original obstruction.  We do not so understand the verdict.  By its terms it finds the defendant guilty of obstructing the public road after notice to remove the same, as charged in the complaint, and assesses "the penalty for the same at the sum of $3.00," and further assesses a penalty of $196 "for suffering said obstruction to remain 196 days after notice to remove the same."  The complaint is that the defendant "has unlawfully obstructed and now obstructs unlawfully the public highway" (describing same) "by encroaching on said public highway with a post and wire fence and wooden gates," etc., and that the defendant "although notified by these complainants to remove the said obstruction from said public highway has refused and still does refuse to remove the same."

Notwithstanding two different penalties are as-

sessed, the verdict, though awkwardly drafted, in effect found the defendant guilty of the latter charge only. The jury had the right to fix the penalty for maintaining the obstruction for fourteen days after notice, at the sum of $3 per day, and such is the amount of the verdict and judgment after *remittitur*. The refusal of the defendant's 24th instruction was therefore not prejudicial.

The judgment is affirmed.

*Affirmed.*